## Livingood's Appeal.

The notice required by the act of April 9, 1872, to be given to an officer holding an execution, in order to create a lien against the fund realized by the sale, for wages due by the execution debtor, must inform him of the facts necessary to entitle the claimant to a preference under the acts of assembly.    (Allison v. Johnson, 92 Pa. 314, followed.)

Mere bills against the defendant in the execution, made out by the claimants and sent to the sheriff, are not sufficient to create a lien, in favor of the labor claimants, upon the proceeds of the sheriff's sale.

(Decided April 26, 1886.)

Certiorari sur appeal from a decree of the Common Pleas of Berks County distributing the proceeds of a sheriff's sale of personal property.    Reversed.

Frank S. Livingood rented to Z. F. Gresh a farm and certain limekilns and stone quarries in Berks county.

While Gresh was engaged in farming and lime-burning upon said premises, he gave to William F. Hartranft a promissory note with warrant of attorney, etc.    Judgment was entered upon this note, execution issued, and the goods and chattels of Gresh levied upon and sold.

Claims against Gresh were presented to the sheriff for payment out of the amount so realized, and, *inter alia,* the following:

Frank S. Livingood, the landlord, presented a claim for arrears of rent, for part of which a promissory note had been given.

John L. Fritz, a laborer in the quarries, forwarded the following bill to the sheriff:

Greshville, December 20, 1884.
Mr. Zacharias F. Gresh, Dr. to John L. Fritz.

From August 8, up to November 22, 1884. Bushels of lime burnt by me, 10,600 at $11.50 per thousand bushels, $121.90.

Charles Clauser and Henry F. Gresh and others presented similar bills.

The sheriff declined to pay these claims without a decree of court. The money was ruled into court, and a commissioner appointed to make distribution.

The commissioner allowed the claims of Fritz and Gresh and part of the claim of Clauser, and awarded the balance of the fund as far as it went, to the payment of Livingood's claim for rent; and the court below confirmed the report.

Livingood appealed, assigning for error the allowance of the labor claims, and the failure to pay the whole of the rent claim.

*Jacob S. Livingood,* for appellant.—The notice required by law to be given by claimants to the sheriff was not complied with, each claimant having merely forwarded to the sheriff by mail a bill setting forth that Zacharias F. Gresh was indebted to claimant for burning lime, or for labor by the day.

The notices were not signed by the claimants, nor by anyone for them; were not addressed to the sheriff; did not refer to the property held under execution, or claim a lien thereon; and, as said in McMillen v. First Nat. Bank, 1 W. N. C. 55, "without being helped out by a verbal notice, gave notice of nothing."

The officer and interested parties could not know from the notice given that the labor was done in a business defined in the act, and that the property subject to the lien was embraced in the levy made. Allison v. Johnson, 92 Pa. 314; Pardee's Appeal, 100 Pa. 408.

The act giving preference to labor claimants "is class legislation," and, as held in Womelsdorf v. Heifner, 104 Pa. 4: "Where one man claims a right that is not common to citizens generally, every requisite to bring the case within the act should appear."

Notices under § 2 of the wages act, April 9, 1872 (P. L. 47),

must indicate the kind of business of the employer, and the kind of labor or services rendered, so as to give information to the sheriff and the other creditors. Pepper's Appeal, 2 Pennyp. 113.

It is to the notice that we must look for the extent and character of the wages claim; and when from it we find that a case under the act has not been made out, we inquire no further. Roberts's Appeal, 110 Pa. 325, 1 Cent. Rep. 121, 5 Atl. 618.

*Philip S. Zieber* and *Jefferson Snyder,* for appellees.—The act of May 1, 1861, "To Protect the Wages of Labor in the County of Berks," was not repealed by the act of April 9, 1872.

In Thorpe v. Adams, L. R. 6 C. P. 125, Lord Chief Justice Bovill says: "But the general principle to be applied to the construction of acts of Parliament is, that a general act is not to be construed to repeal a previous particular act, unless there is some express reference to the previous legislation on the subject, or unless there is a necessary inconsistency in the two acts standing together;" and in Queen v. Champneys, L. R. 6 C. P. 394: "It is a fundamental rule in the construction of statutes that a subsequent statute in general terms is not to be construed to repeal a previous particular statute, unless there are express words to indicate that such was the intention; or unless such an intention appears by necessary implication."

See Re Bounty Accounts, 70 Pa. 96.

In Brown v. Philadelphia County, 21 Pa. 43, the supreme court says: "It is against reason to suppose that the legislature, in framing a general system for the state, intended to repeal a special act which the local circumstances of one county had made necessary." See Dyer v. Covington Township, 28 Pa. 188; Ramsey's Estate, 1 Chester Co. Rep. 449; Evans's Estate, 1 Chester Co. Rep. 112.

Sheriff's sales have been held in accordance with the provisions of the act of 1861 since its adoption; and its beneficiaries have followed its requirements in the notice of their claims. Boyer v. Scheldt, 21 February Term, 1883.

The act of 1861 requires labor claimants to make known to the sheriff the kind and amount of their respective claims against such defendant, and these claimants have done all that was required of them by the provisions of that act.

The lien of the wages claimant extends to all the personal

property of his employer. It is not confined to that used in connection with the employment. Act of 1861 (P. L. p. 553); Act of 1872, § 3 (P. L. p. 48); Jones's Appeal, 102 Pa. 285; Evans's Estate, 1 Chester Co. Rep. 112.

OPINION BY MR. JUSTICE GREEN:

All of the labor claims allowed by the commissioner and court below were fatally defective. As made out and sent to the sheriff they were mere bills by the claimants against the defendant in the execution. They were not signed by the claimants, or by anyone else. They were not addressed to the sheriff, or to any other person. They contained no reference to the property levied upon, nor did they set forth any claim of lien thereon.

We held in Allison v. Johnson, 92 Pa. 314, that the notice "should set forth such facts as make a case within the act; so that the officer and interested persons may know that the labor was done, within the time limited, in a business defined in the act, the sum due, and that the property subject to the lien is embraced in the levy." See McMillen v. First Nat. Bank, 1 W. N. C. 55.

All this was repeated in Pardee's Appeal, 100 Pa. 408.

The 2d section of the act of April 9, 1872, expressly requires that notice in writing of the claims shall be given to the officer executing the writ; and this necessarily imports that the facts which entitle the claimant to a preference must appear in the notice.

The notices in this case, being altogether deficient in this respect, are inoperative to confer a lien. As the local act of May 1, 1861, contains a provision similar to that of the act of 1872 in regard to notice, no question of conflict between the two acts arises. We are of opinion that the claims of Charles Clauser for $48.30, Henry F. Gresh for $16.27, and John L. Fritz for $121.90 were erroneously allowed; and as to them the decree of distribution must be reversed.

Decree reversed and record remitted, with direction to correct the distribution in accordance with this opinion, the costs of this appeal to be paid by the appellees.