## J. Q. ELY v. C. A. STANTON AND WIFE.

ERROR TO THE COURT OF COMMON PLEAS OF LUZERNE COUNTY.

Argued April 9, 1888—Decided May 25, 1888.

1. An action brought before a justice by a parent for "work and labor done" by a minor son, the record not designating either the kind of labor or the character of the defendant as of one of the enumerated classes of employers, is not within the purview of the Wages Act of April 9, 1872, P. L. 47.

2. Wherefore, as the transcript of the justice's judgment disclosed no facts sufficient to bring the cause of action within the statute, the formalities as to recognizance and affidavit, required by § 5 of said act, were inapplicable.

3. The recognizance and affidavit in this case (see Statement of Facts, infra,) were quite in conformity with the provisions of § 1, act of April 20, 1876, P. L. 43, and nothing was shown which invalidated the appeal taken.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ.; TRUNKEY, J., absent.

No. 78 July Term 1887, Sup. Ct.; court below, No. 242 March Term 1887, C. P.

On March 4, 1887, an appeal was filed by the defendant from the judgment of an alderman in favor of Charles A. Stanton and Louisa Stanton, his wife, against Jasper Q. Ely, for $59.47.

The transcript showed that the defendant was summoned to answer the plaintiffs "in a plea of debt amounting to $59.47 for work and labor done by the wife's son Lewis C. Preston, yet under age;" and that after hearing the proofs and allegations judgment was given publicly, etc., on February 7, 1887, for the amount stated; that on February 24, 1887, the defendant paid the costs accrued and entered into recognizance in the sum of $100, conditioned for "the payment of all costs accrued or which may be accrued against the appellant, and also for the amount of the debt of any judgment what may

be recovered against the appellant;" that the defendant being sworn, "says it is not for the purpose of any delay that this appeal is taken, but that he believes an injustice has been done; affidavit filed." ·

On March 10, 1887, on motion of plaintiffs' attorney, claiming that the recognizance and affidavit, shown on the transcript, were not as required by §§ 1 and 2, act of February 28, 1870, P. L. 269, regulating appeals from the judgments of justices and aldermen in Luzerne county, obtained for wages or salaries for labor, work or service done within said county, and by §§ 1–5, act of April 9, 1872, P. L. 47, for the better protection of the wages of mechanics, miners, laborers and others, "and for reasons apparent on the face of the record (transcript)," a rule was granted to show cause why the appeal in this case should not be stricken off. On April 25, 1887, the rule was made absolute, WOODWARD, J., without opinion filed, and an exception to the order sealed for the defendant.

On May 3, 1887, the defendant's attorney asked leave to file the following exceptions:

1. The court erred in refusing to permit defendant to file an amended affidavit on argument of this case as requested.

2. The court erred in virtually holding that an affidavit was necessary in this case.

3. The court erred in holding that § 1 of "an act regulating appeals from the judgments of justices of the peace and aldermen in the county of Luzerne, obtained for wages or salaries for labor, work or service done within said county," approved February 28, 1870, was not repealed by "An act regulating appeals from judgments of justices of the peace and aldermen in this commonwealth for wages of manual labor," &c., approved April 20, 1876.

4. The court erred in making absolute the rule striking off defendant's appeal in this case.

The same day it was ordered that the foregoing exceptions be filed nunc pro tunc as of April 25, 1887, and bill sealed for defendant as of same date nunc pro tunc.

Thereupon, the defendant took this writ, specifying that the court erred:

1. In granting a rule to strike off the appeal instead of a rule on defendant to perfect his appeal.

2. In refusing permission to defendant to amend by filing a new affidavit and recognizance and thus perfect his appeal if anything was lacking.

3. In making absolute the rule striking off the appeal.

*Mr. D. L. O'Neill*, for the plaintiff in error:

1. The defendant appealed from the judgment of the alderman within twenty days, paid the costs accrued, filed the affidavit and gave the bail required by the act of April 20, 1876, P. L. 43. On the argument, the defendant offered to file an amended affidavit to correspond with the requirements of § 1, act of February 28, 1870, P. L. 269, and an additional recognizance to meet the requirements of § 5, act of April 9, 1872, P. L. 48. It was error to quash the appeal, without allowing the appellant an opportunity to perfect it: Means v. Trout, 16 S. & R. 349; Huntingdon v. Jackson, 2. P. & W. 431; Adams v. Null, 5 W. & S. 363; Koenig v. Bauer, 57 Pa. 171; Bream v. Spangler, 1 W. & S. 378; McIlhaney v. Holland, 111 Pa. 634.

2. The act of April 20, 1876, P. L. 43, is class legislation, and applies only to suits " for wages for manual labor." The suit was brought in this case for " work and labor done," which might be work other than manual labor. As the plaintiffs are claiming a right not common to citizens generally, every requisite to bring the case within the act should appear upon the record clearly and not argumentatively: Womelsdorf v. Heifner, 104 Pa. 1; Del. & H. Canal Co. v. Loftus, 71 Pa. 421.

3. The act of February 28, 1870, P. L. 269, was a special local act, providing only for appeals in suits for wages for work done in Luzerne county. Being class legislation, this act must be construed strictly. It is not set forth in the record of the justice that the work and labor for which the plaintiffs claimed was done in Luzerne county; wherefore, the act is not applicable. Even if it were applicable, it is repealed by § 6, act of April 9, 1872, P. L. 47.

4. But the Wages Act of April 9, 1872, P. L. 47, does not apply in this case: (1) Because it does not affirmatively appear that the employee was either a miner, mechanic, laborer or clerk. (2) Nor that the defendant is an owner, lessee, contractor, or

under-owner "of any works, mines, manufactory or other business where clerks, miners or mechanics are employed." (3) The act of April 20, 1876, P. L. 43, under which this appeal was taken, regulates the entire subject and repeals all previous acts inconsistent therewith.

*Mr. Edward A. Lynch,* for the defendants in error:

1. The grounds of the motion appeared of record. The transcript showed that the recognizance and the affidavit were not in accordance with the requirements of §§ 1, 2, act of February 28, 1870, P. L. 269, and of §§ 1–5, act of April 9, 1872, P. L. 47, as amended by §§ 1, 2, act of June 13, 1883, P. L. 116. The appeal could not be taken under the act of April 20, 1876, P. L. 43, because the plaintiffs' claim was for "work and labor done," and the provisions of that act have reference to wages for "manual labor:" Womelsdorf v. Heifner, 104 Pa. 1.

2. The act of April 20, 1876, does not repeal the local act of February 28, 1870, and the general act of April 9, 1872. Implied repeals are not favored; the inconsistency must be clear: Merritt v. Smith, 2 Pa. 161;. Osborne v. Everitt, 103 Pa. 421.

3. The record does not show that an amended recognizance and affidavit were tendered or filed. The court could not say there was a good appeal as the record stood, and this was all they had to do with it: Carr v. McGovern, 66 Pa. 458; Cummings v. Forsman, 6 Pa. 194.

OPINION, MR. JUSTICE GREEN:

We think it quite clear that the act of April 9, 1872, P. L. 47, is not applicable to this case. By the first section, it is provided that moneys due for labor and services rendered by any miner, mechanic, laborer, or clerk, and many others, "from any person or persons or chartered company employing clerks, miners, mechanics, or laborers, either as owners, lessees, contractors, or under-owners, of any works, mines, manufactory, or other business where clerks, miners, or mechanics are employed," shall be a lien, etc. Section 5 provides that, "In all cases of appeal from the judgments of justices of the peace for wages or moneys mentioned in the first section of this act,"

a certain oath or affirmation shall be made and certain bail shall be required.

We have repeatedly held that any person who claims the benefit of this act must bring himself clearly within the description of persons who are entitled to its peculiar and special advantages: Wentroth's App., 82 Pa. 469; Pardee's App., 100 Pa. 408. The wages must be due to one of the class named, and from one of the enumerated classes of debtors mentioned in the act, and this must be made affirmatively to appear in the claim for a lien, otherwise the claimant is not entitled to a lien. In regulating appeals from justices in the fifth section, the particular formalities required to be observed are obligatory only in case of suits for wages or moneys mentioned in the first section.

In the present case the only knowledge we can have on this subject, is that which is derived from an inspection of the justice's transcript. Upon referring to the transcript we find nothing to individuate the claim of the plaintiffs, except that it is for work and labor done by their son for the defendant. It is therefore not a claim by the laborer himself for his own wages, but by his parents for wages which they claim a right to have for services rendered by him. It is needless to say that the act of 1872 gives no preference to any such claims as this. But again, neither is the kind of labor indicated, nor is there the slightest allegation on this record that the person who owes the wages is one of the enumerated classes of debtors against whom the preferences of the act are given. In either point of view there is an entire absence of the statutory requirements which are necessary to appear in order to bring this case within the purview of the act.

As the act of 1872 is inapplicable, it is only necessary to say that we are not referred to any other law which establishes the invalidity of the recognizance and affidavit for appeal entered and made when this appeal was taken. They are quite in conformity to the requirements of § 1 of the act of April 20, 1876, P. L. 43, which seems to be applicable; but, whether it is or not, we are not shown any law or decision which invalidates the appeal.

> Judgment reversed, appeal reinstated, and procedendo awarded.