# Darlington *v.* Watson, Appellant.

*Wages—Attachment—Wages of minor child—Act of April 15, 1845, sec. 5, P. L. 459.*

The Act of April 15, 1845, sec. 5, P. L. 459, which reads, "That the wages of any laborer, or the salary of any person in public or private employment, shall not be liable to attachment in the hands of the employer," protects from attachment, as a debt due the father, the wages earned by his unemancipated minor child, as a domestic in the family of another. .

Argued Nov. 21, 1911. Appeal, No. 49, Oct. T., 1911, by defendant, from order of C. P. Chester Co., Jan. T., 1911, No. 41, discharging rule to set aside attachment in case of Harvey Darlington v. William H. Watson and Emlen V. Faucett, Garnishee. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Rule to set aside attachment. Before HEMPHILL, P. J. The opinion of the Superior Court states the case.

*Error assigned* was order discharging the rule.

*W. S. Harris,* for appellant.—It was error to refuse to set aside the attachment: Morris Box Board Co. v. Rossiter, 30 Pa. Superior Ct. 23; Smith v. Brooke, 49 Pa. 147; Com. v. Stambaugh, 22 Pa. Superior Ct. 386; Phila. Trust Co.'s App., 2 W. N. C. 593; Fitzsimmons's App., 4 Pa. 248.

*Harris L. Sproat,* for appellee.—Under the act the decisions seem to uniformly hold that the only wages which are exempt from attachment execution, are the wages which are earned by the personal labor of the defendant in the attachment execution: Henry v. Sheaffer, 3 Pa. Dist. Rep. 347; Ely v. Stanton, 120 Pa. 532; Smith v. Brooke, 49 Pa.

147; Com. v. Stambaugh, 22 Pa. Superior Ct. 386; Carey v. Lameroux, 22 Pa. Superior Ct. 560; Hartman v. Mitzel, 8 Pa. Superior Ct. 22; Seiders's App., 46 Pa. 57; Hamberger v. Marcus, 157 Pa. 133.

OPINION BY RICE, P. J., April 15, 1912:

The proviso to sec. 5 of the Act of April 15, 1845, P. L. 459, reads: "That the wages of any laborer, or the salary of any person in public or private employment, shall not be liable to attachment in the hands of the employer." The question for decision is whether this clause protects from attachment, as a debt due the father, the wages earned by his unemancipated minor child as a domestic servant in the family of another. The question was raised by the application of the father to set aside the attachment, and the case comes here by appeal from the order denying the application. The facts are not in dispute but are substantially agreed upon in the petition and answer. In Heebner v. Chave, 5 Pa. 115, one of the first cases, if not the first, which involved a construction of the act, the court said that it was the capacity of enlarged extension of the term, "wages of any laborer" which produces the necessity to circumscribe and limit the terms, as used in the statute, in order to accomplish what the court believed must have been the intent of the legislation. Again, in Smith v. Brooke, 49 Pa. 147, the same idea was elaborated and the necessity for judicial construction shown, the court saying: "The statute secures to the laborer and his family the earnings of his own hands; but this is its full extent and scope. If it were carried farther by judicial decision, it would be hard to assign a limit to its operation. The profits of every enterprise might be called the wages of labor, with no great violence to language, and thus the collection of debts be abolished in many instances where ample means of payment existed. The legislature meant nothing so unreasonable and extravagant. They only meant that, what a man earned by his personal labor should not be intercepted by his creditors, but should

go to supply the wants of himself and his family, leaving whatever other money might be due him to be seized for his debts." This language is cited by appellee's counsel as conclusive of the question before us. We cannot so regard it. It was used in distinguishing between two kinds of gains or rewards, or as Chief Justice WOODWARD expressed it, "the difference between the sale of your own labor and the sale of another man's labor at something more than you pay for it." The point actually decided, and for which the case is binding authority, is that the latter is profit and is not within the protection of the statute. The construction of the statute which excluded such profits from its protection was necessary to prevent inconvenient results which the legislature did not intend to flow from the words, but a construction which would exclude from its protection the earnings of an unemancipated minor child of a debtor is not necessary in order to prevent the words of the statute from being carried beyond their ordinary meaning or beyond the accomplishment of the purposes for which the statute was enacted. The father as the head of the family is entitled to the services and earnings of the child so long the latter is legally under his custody or control and not emancipated. This right, it is generally held, is based both upon the duty of the parent to furnish support and the duty and necessity of parental control for the good of the child. This is a very different relation from that considered in the cases cited, and the wages earned by the child are of a very different nature from the profits of labor there under consideration. If, as was declared in both of the cases cited, this statute was intended not merely for the personal benefit of the debtor, but indirectly for the benefit of his family, it would be a harsh, strained and illiberal construction, and one not in harmony with the general purposes the legislature had in view, that would enable the creditor to intercept the earnings of his minor child and apply them to his debt. Nor is such construction required by the words of the act. The moneys in question are the

wages of a laborer, and the attempt is to attach them in the hands of the employer. Thus the case is within the letter of the act, and, we think, within its beneficent intent. There is no sufficient reason that we can discover for holding that the defendant was not entitled to its protection. In Heebner v. Chave, 5 Pa. 115, Justice COULTER said: "We believe that by confining the exemption from attachment, to the actual reward or wages earned by the hands and labor of the individual himself, and his family, under his direction, we best accomplish the beneficent design of the legislature without too largely entrenching upon the rights of creditors." We do not cite this as the point actually decided in that case, but as a dictum which lends some support to the conclusion we have reached and which comes from such a source as to entitle it to respectful consideration.

The case of Ely v. Stanton, 120 Pa. 532, arose under a different statute and involved other considerations. We cannot regard it as deciding a principle which controls in the construction of the statutory provision under consideration.

The order discharging the rule to show cause why the attachment should not be set aside is reversed, the rule is reinstated and made absolute; the costs to be paid by the appellee.