## Allison *versus* Johnson et al.

1. The notice required by the Act of April 9th 1872, Pamph. L. 47, which gives a lien for all moneys, not exceeding $200, due for labor and service rendered by any miner, mechanic, laborer or clerk, from any person engaged in any of the described kinds of business, upon " the property in and about or used in carrying on the said business or in connection therewith," should set forth such facts as make a case within the act, so that the officer and interested persons may know that the labor was done within the time limited by the act, in a business defined therein, the sum due, and that the property subject to the lien is embraced in the levy made.

2. A notice given to a constable, after the sale of the goods, but while the proceeds was still in his hands, was too late.

November 26th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON and TRUNKEY, JJ. STERRETT and GREEN, JJ., absent.

Error to the Court of Common Pleas, of *Crawford county:* Of October and November Term 1879, No. 381.

Case stated as follows: Hamilton Stewart et al. obtained a judgment against Robert McKnight before a justice of the peace, for $288 and costs, and execution was issued thereon, and the said McKnight's goods were seized and levied upon by W. T. Allison, the constable, under said execution. McKnight was a merchant tailor doing business in Titusville, Pennsylvania. The stock levied upon and sold, consisted of cloths, out of which suits and garments were made to order, trimmings, buttons, thread, &c., and a sewing-machine, mirror, stove and all the furniture and fixtures, on and within the premises occupied by said McKnight, as set forth in the levy, except household goods, piano, &c., which were not on the premises. All the other articles mentioned in the levy, were upon the premises occupied by said McKnight in carrying on his business as a merchant tailor.

The plaintiffs, together with three others, were in the employ of McKnight, engaged in sewing and making up suits and garments for customers, and worked in a rear room of the same premises.

There were no garments or any other articles sold on which the plaintiffs had bestowed any labor.

The sale took place on Thursday, August 28th 1879, and the proceeds thereof, after deducting rent, which was undisputed, and costs, were about $100.

Before the sale took place the plaintiffs handed in to the constable their various claims, as the same appear in the notices hereto attached (also one further notice served on the constable after the sale, hereto attached) and which in the aggregate amounted to $59.75.

The defendant, who was the constable, refused to pay the amount of said claims, either to the plaintiff's claimants, or to plaintiffs,

[Allison v. Johnson.]

in the execution, but holds the same for the use of the party in favor of whom this issue may determine.

Plaintiffs aver that they are within the provisions of the Act of Assembly of April 9th 1872, Pamph. L. 47, giving preference to claims for wages, which averment is denied by the plaintiffs in the execution upon which the goods of said McKnight were sold.

If the court be of the opinion that the said plaintiffs as claimants, by reason of said notices and the facts above set forth, are entitled to the sum of $59.75, out of the fund proceeding from said sale as against the plaintiffs in the said execution, then judgment to be entered for the plaintiffs for said sum, together with costs of bill, if not, then judgment for defendants with like costs.

The following was the notice given at the sale:

To W. T. Allison, Constable,

In the matter of the sale of the goods and chattels of R. McKnight, by virtue of an execution to you directed, you are hereby notified that I have a claim for labor against said McKnight to the amount twenty (20) dollars, and that I shall claim the same out of the proceeds of the sale. ·        NILS. JOHNSON.

Titusville, Pa., Aug. 28th 1879.

Like notices were given to the constable by Albert Staub, E. Dowding, Alfred Johnson and John Cederquist.

After sale the following notice was given:

To W. T. Allison, Constable,

Sir:—The claims of Albert Staub, Alfred Johnson, John Cederquist, Nils. Johnson and E. Dowding, against R. McKnight, notice of which was served on you before the sale of said McKnight's goods and chattels, at the suit of Stewart et al., are claims for labor done for McKnight by said claimants, as journeymen tailors, within six months previous to said sale, and they, the said claimants, demand the amount of their wages under the Act of Assembly of April 9th 1872.        S. L. GILSON,

Attorney for A. Staub et al., Claimants.

The court entered judgment for the plaintiffs, which action was assigned for error by the constable who took this writ.

*Neill & Heywang*, for plaintiff in error.—The notices served on the constable, were clearly not sufficient· under the Act of 1872, and he would have made himself liable to the plaintiffs had he paid the money to these claimants. Some of these notices do not even state for whom the labor was done, or by whom the debt was owing. None of them state when the work was done, or the nature and character of the labor: Peiffer's Estate, 6 Luz. Law Reg. 101; McMillen v. First National Bank of Corry, 1 W. N. C. 55. The notice after the sale was too late to give a lien.

[Allison v. Johnson.]

*S. L. Gilson* and *J. N. McCloskey*, for defendants in error.—
The notices to the constable are sufficient. They call the attention
of the officer to the fact that plaintiffs had claims against McKnight
for labor, and that they would claim payment out of the fund.
The notices are very different from that in McMillen *v.* Bank,
*supra*, which was a mere memorandum of the names of the claim-
ants and the amount due each, not signed by any person, and did
not set out that the amount mentioned was due for labor, or that it
was a claim against the defendant in the execution, all of which
facts are set out in the notices in this case.

Even if the first notices were incomplete, the defects are fully
cured by the supplemental notice served on the constable, while the
money was still in his hands.

Mr. Justice TRUNKEY delivered the opinion of the court, Janu-
ary 5th 1880.

The Act of April 9th 1872, Pamph. L. 47, gives a lien for all
moneys, not exceeding $200, due for labor and services rendered
by any miner, mechanic, laborer or clerk, from any person engaged
in any of the described kinds of business, upon " the property in
and about, or used in carrying on the said business, or in connec-
tion therewith," where the labor was done within a period not
exceeding six months immediately preceding the sale of said
property. Notice is required to be in writing, and given to the
officer before the actual sale on judicial process; and, when he
shall have been so notified, he shall pay to the claimant the amount
he is justly and legally entitled to receive, not exceeding $200.
Notice, therefore, should set forth such facts as make a case within
the act, so that the officer and interested persons may know that
the labor was done within the time limited, in a business defined
in the act, the sum due, and that the property subject to the lien
is embraced in the levy : McMillen *v.* First National Bank of
Corry, 1 W. N. C. 55. It is immaterial in what form these things
are set out, but it is essential that they appear.

The notice given to the constable after the sale, was too late.
Those given before, contain no indication of the business of R.
McKnight, or that the goods and chattels seized by virtue of the
execution were " property in and about, or used in carrying on the
said business, or in connection therewith," or the kind of labor and
when done. Nearly every essential was omitted, except the sum
claimed to be due and owing from the debtor.

Whether the business of R. McKnight was within the act, is a
question not reached, because of the defective notices of claims.

Judgment reversed, and now, on the case stated, judg-
ment for defendant below.