## Appeal of Roberts and Son.

|110  325|
|199  585|

1. A laborer who claims a preference for wages under the Act of April 9th, 1872 (P. L. 47), must comply strictly with the provisions of the Act in regard to the notice which he is required to give; and unless he does so, he is not entitled to a priority over other creditors.

2. If the notice fails to make out a proper claim, the courts need look no further.

3. A., a laborer, gave notice of a claim upon money raised from a sale by a sheriff of a leasehold interest of B. "for labor performed on said premises within six months last past for C." It appeared from evidence extra the notice that C. was the assignee of B. by virtue of an assignment for the benefit of creditors, made subsequent to the levy on said leasehold interest: *Held*,

(1.) That this notice was not sufficient to make out a preferred claim under the Act of April 9th, 1872.

(2.) That the claimant must look to C. for his wages, as such a claim could not be charged to that part of A.'s estate which had been levied upon by the sheriff before the assignment had been made.

May 28th, 1885. Before MERCUR, C. J., GORDON TRUNKEY, STERRETT, GREEN and CLARK, JJ. PAXSON, J., absent.

APPEAL from the Court of Common Pleas of *Warren county:* Of January Term 1885, No. 473.

Appeal of W. B. Roberts and Son from a decree of said court dismissing their exceptions to and confirming the report of the Auditor appointed to make distribution of a fund raised from the sale of a leasehold interest in a tract of land which was taken in execution and sold as the property of Thomas Kervin.

Before the Auditor, Charles Dinsmoor, Esq., the following facts appeared: W. B. Roberts and Son brought exemplifications of several judgments against Thomas Kervin amounting to about $1,800, from McKean county, and on June 14th, 1883, issued executions upon them, under which the sheriff of Warren county sold Kervin's personal property, consisting of leasehold of sixty acres of land with three oil wells and their appurtenances. The plaintiffs bought in the property for $1,000; of this sum $95.65 was applied to costs, $487.26 was applied on the debt in this case, and the balance, which was paid into court, constituted the funds in the hands of the Auditor.

Patrick Kervin, a brother of defendant, gave notice to the sheriff two days before the sale of a claim for wages under the provisions of the Act of April 9th, 1872 (P. L. 47). This notice was in the following form:

" Take notice, that I claim for wages, for manual labor, out of first moneys realized out of the sale of leasehold and oil wells of Thomas Kervin, at suit of W. B. Roberts & Son, the sum of three hundred dollars, being for labor performed on said premises, and for improvement of same within six months last past; that said work was performed for S. M. Reid, whose business was producing oil from said property, and sinking oil wells and operating the same ; that the labor of claimant was taking care of oil wells, tanks and derricks on said premises, steaming oil, running boiler and engine, laying pipe, operating the wells and running the lease, being $50 per month for three fourths of expenses.

TIONA, Pa., March 15, 1884.

PATRICK KERVIN,
Per T. KERVIN, Att'y in fact."

This claim was presented before the Auditor, when it appeared that the said S. M. Reid mentioned in the notice was assignee of Thomas Kervin, under an assignment for the benefit of creditors, made several months after the levy upon this leasehold.

The Auditor allowed $200 of this claim, and exceptions to the same were dismissed by the court, whereupon W. B. Roberts & Son took this appeal, assigning for error this action of the court.

*Samuel T. Neill* ( *W. M. Dame* with him), for appellants.—
The notice required by the Act of April 9th, 1872, was not given, and the one upon which the claim of appellee was based was fatally defective, and should have been disregarded by the sheriff. The notice must comply with the statute and be self-sustaining, and cannot be made good or supplied by proof after the sale. This is the test in Allison *v.* Johnson, 11 Nor., 314. The notice does not claim for work done for defendant. It reads: "Said work was done for S. M. Reid, whose business was producing oil from said property and sinking oil wells and operating the same, etc." So far as there was any testimony on the subject it was from the defendant, and it does not help the claim, for he testified that the work was done for Reid.

As to the necessity of strictly complying with the Act, see also Pepper's Appeal, 2 Penny., 113 ; Steinman *v.* Miller, Id., 190; Barclay's Appeal, 11 W. N. C., 359; McCay's Appeal, 1 Wright, 125.

By Act of April 20th, 1876 (P. L. 43), the appellee, if a laborer under the Act of 1872 and entitled to its protection, had a remedy against the assignee, S. M. Reid. to collect his wages. That the lien of a judgment against real estate is

preferred to a claim for wages earned after the lien attached, was plainly decided in Schnapp's Appeal, 2 W. N. C., 149, and the same is held as to the lien of a levy on personal property under an execution, in an able opinion by PERSHING, P. J., in Schrader v. Burr, 10 Phil., 620. See also Schwartz v. Banks, 13 Phil., 540; Kindig v. Atkinson, 13 Phil., 542.

Even if a claim could be made for labor performed subsequently to the levy, it could only be for money due for labor preceding the assignment: Act of April 9th, 1872, § 1.

*R. Brown* (*Charles W. Stone* and *W. D. Hinckley* with him), for appellee.—The Act of Assembly secures to the laborer "all moneys that may be due, or hereafter become due, for labor and services rendered." In this case it is not questioned but that the labor and services were rendered, their value is shown, the money for them was due and unpaid. There is nothing in the law requiring any particular form of contract. It is sufficient that the services are rendered, "whether at so much per diem or otherwise," and that they have not been paid for.

The cases cited by appellants to sustain the point that preference will not be given to a claim for labor performed after a levy, were all common pleas decisions by the same judges. The opposite has been held in Askam v. Wright, 1 W. N. C., 156; McCuttle v. Fitzgerald, 2 Id., 396; Matsinger v. Publishing Co., 14 Id., 90.

It is not necessary under the Act that the work be done for the owner of the property sold—it may be for "contractors or under-owners." The notice shows the work was done on the property of the defendant in the execution, for his assignee. Reid was really Kervin, so far as his legal rights and responsibilities are concerned, as before stated. He might, perhaps, also be considered a lessee or "under-owner."

Mr. Justice GORDON delivered the opinion of the court, October 5th, 1885.

The contention in this case arises on the distribution of a fund raised from the sale of a certain leasehold interest in a tract of some sixty acres of land in Mead township, Warren county, having upon it three oil wells, with their appurtenances, which was taken in execution and sold as the property of Thomas Kervin, at the suit of the appellants, W. B. Roberts & Son. The amount thus made was not sufficient, after deducting costs and paying other liens, to cover the plaintiff's writ. Patrick Kervin, a brother of the defendant, interposed a claim of three hundred dollars, for wages, under the Act of the 9th of April, 1872, on account of labor performed on the

said premises. The Auditor, to whom the case was referred, sustained two hundred dollars of this claim, and awarded to it a *pro rata* percentage with other liens upon the fund. To this award exceptions were filed by the appellants, but their exceptions were dismissed in the court below, the report confirmed, and an appeal taken to this court. Whilst these labor claims are, as a class, meritorious, and to be favored as far as possible, yet we must not forget that they depend for their validity altogether on the legislative provisions in which they originated. A laborer must bring himself within those provisions or he cannot have a preference over other creditors. Kervin has not done so; he has brought himself neither within the letter nor the spirit of the Act of 1872. It is to the notice that we must look for the extent and character of the wages claim, and when from it we find that a case under the Act has not been made out, we need inquire no farther. Kervin, in his notice to the sheriff, claims three hundred dollars out of any moneys that may be raised from the sale of the leasehold of Thomas Kervin, on account of work and labor performed for S. M. Reid. How the property of Thomas Kervin was to be made answerable for the debt of S. M. Reid, the sheriff, and those interested, were not informed. From evidence, extra the notice, we discover that Reid was the assignee of Kervin, and that the work set forth in the claim was not done until after the levy on the appellants' writ. Thus, neither by the notice nor by the oral testimony is this claim brought within the provisions of the Statute. Not by the notice, because the work does not appear to have been done for the lessee, but for another person. Not by the evidence, because if Kervin, the claimant, was employed by the assignee, it was the business of the assignee to pay him, and charge the amount thus paid in his account as part of the expenses incident to the administration of the trust, but his liability to the laborer, whom he had employed, was as much personal as though he had employed him about his own business. It follows that the claim could not be charged over to that part of the assignor's estate which was, previously to the assignment, in the possession of the sheriff for the use of the owners of the writs. Neither the debtor nor his assignee could thus charge that property.

The decree of the Court of Common Pleas is now reversed and set aside, at the cost of the appellee, so far as distribution was made to the claim of Patrick Kervin, and as to that amount redistribution is ordered.