# Appeal of Adamson, *et al.*

1. Separate and independent claimants upon a fund raised by a sheriff's sale cannot prosecute a joint appeal.

2. A claimant who has filed no exceptions, either before the Auditor or in the court below, has *no standing* in the Supreme Court, and an appeal by such claimant will be quashed upon motion.

3. The notice to be given by the claimants under the Wages Act of April 9th, 1872 (P. L., 47), must set forth the following essentials: (1) That the labor was performed within the time limited, (2) In a business defined by the Act, (3) The sum due and (4) That the property subject to the lien is embraced in the levy. A failure to comply with any one of these essentials will debar the claimant from participating in the distribution.

4. Allison *v.* Johnson, 11 Nor., 316; Pardee's Appeal, 4 Out., 408, followed.

October 8th, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

APPEAL from the Court of Common Pleas of *Greene county:* Of October and November Term 1885, No. 56.

This was an appeal by W. S. Adamson and Jesse Hunnell

& Co., from a decree of said court overruling their exceptions to, and confirming the report of, the Auditor appointed to distribute a fund arising from a sale of the personal property of Robert Dougherty.

The facts, as found by J. B. Donley, Esq., Auditor, were substantially as follows: In December, 1883, and for some years previous, Robert Dougherty carried on the business of manufacturing carriages in Waynesburg. On December 31st, 1883, the sheriff of Greene county, by virtue of a *fi. fa.* issued from the Court of Common Pleas, levied upon all the personal property of Dougherty, consisting of the stock and tools pertaining to the buggy factory. Other executions, including those of Adamson and of Hunnell & Co., issued out of said court and came into the hands of the sheriff on the same day. A levy was made by the sheriff on each of these writs and the property was taken in execution.

On the day of the levy, December 31st, 1883, notices of claims for labor were served on the sheriff by Ernest Hundertmark, Patrick Driscoll, David E. Engle and Joseph Yahl. The notice of Hundertmark was as follows:

"Waynesburg, Pa., Dec. 31st, 1883.
" ROBERT DOUGHERTY

To Ernest Hundertmark, Dr.
1883.   To balance due on account for labor as a mechanic done in the carriage factory of said Dougherty within the last six months_____$27.10 "

Attached to this was Hundertmark's affidavit that said sum was due "for wages as a mechanic in the carriage factory of said Dougherty during the six months last past. That said amount is due and unpaid, the credits and payments made by Dougherty having been deducted before the balance was struck."

Endorsed on this claim was the following notice:

"Dec. 31st, 1883.
" D. A. SPRAGG, ESQ., Sheriff:

"You are hereby notified that I claim the amount of the within probated account out of the estate of Robert Dougherty, the same being due me for wages as a mechanic for labor performed within the last six months. I further notify you to pay the same in preference to any other claim or writ, under the Act of Assembly in such cases made and provided.
" ERNEST HUNDERTMARK,
"By R. F. Downey, his Att'y.
"Rec'd Dec. 31st, 1883, at 5:10 P. M.
" D. A. SPRAGG, Sh'ff."

The notices of the other claimants were filed by the same attorney and were in the same form as the above.

The Auditor allowed these claims, being of opinion that there was a fair compliance with all the essentials of a proper notice and recommended a distribution accordingly. Adamson, one of the execution creditors, filed the following exception to this award: "1. The Auditor erred in allowing claims of Ernest Hundertmark, Patrick Driscoll, David Engle and Joseph Yahl, as the notices of claims are defective and insufficient."

The court, INGHRAM, P. J., dismissed this exception and confirmed the report of the Auditor.

Thereupon this appeal was taken by Adamson and Hunnell & Co., assigning for error the action of the court in overruling the above exception and in confirming the report of the Auditor.

*A. F. Silveus* (*C. C. Brock* and *J. P. Teagarden* with him), for appellants.—The Acts of 1872 and 1883, giving a preference to mechanics for wages for labor within six months, constitute class legislation, and as labor claimants demand a right not common to citizens generally, every requisite to bring their claim within the Acts should clearly appear in the notices to the sheriff; so that interested persons may know how to protect themselves. It is not sufficient to put them on inquiry; the notices cannot be helped out by verbal additions; the Statute requires the notices to be in writing to avoid uncertainty, and how can the notices be said to be in writing, if but a part of it is written? Graham *v.* McLean and Bennor Co., 1 Chester Co. R., 73 and 76.

The notices given by the labor claimants to the sheriff under the Act of 1872 to be sufficient must set forth the following facts to make a case within the Act, viz.: (1) That the labor was done within the time limited. (2) In a business defined by the Act. (3) The sum due. (4) That the property subject to the lien is embraced in the levy: Allison *v.* Johnson, 11 Norris, 316; Pardee's Appeal, 4 Out., 408. The notices filed do not comply with the fourth essential.

*R. F. Downey*, for appellees.—In this case Jesse Hunnell & Co. filed no exceptions to the Auditor's report with the Auditor; did not renew or file exceptions to said report in the court below and did not join in any of the proceedings in taking this appeal. Hence they have no standing in this court, and the court is asked to dismiss the appeal as to them.

We maintain that the notices of these labor claimants are full and ample—contain all that the laws require. The Acts

of Assembly require that the notices be in writing and that they be given to the officer before the actual sale on judicial process, but prescribe no particular form for the notice. That the notices here were in writing and were served upon the sheriff the same day the executions were issued and levy made, is not questioned.

All that the Acts of Assembly require is that the notices shall contain such a statement of the claims as will put the sheriff and other creditors upon their guard. This court has already said, in substance, that it is immaterial as to the form or wording of the notice: Allison *v.* Johnson, 11 Nor., 316.

It was held with reference to a mechanics' lien, in Shaw *v.* Barnes, 5 Barr, 18, that when the claim sets forth that the materials were furnished " within six months last past " that it was a sufficient compliance with the language of the Act of Assembly. See also the form of notice recognized by this court in Pardee's Appeal, 4 Out., 408. A substantial compliance with the requisites of the Act is sufficient: Calhoun *v.* Mahon, 2 Har., 56.

Mr. Justice STERRETT delivered the opinion of the court October 19th, 1885.

As separate and independent claimants on the fund raised by the sheriff's sale of Robert Dougherty's personal property, appellants had no right to appeal jointly from the decree of distribution. Having no interest in common, they had no more right to prosecute an appeal jointly than they would have had to maintain a joint action at law against their debtor: White's Appeal, 15 W. N. C., 313. The appellees, therefore, might have required them to elect which of the two would suffer a *non pros.* ; but, instead of doing so, they moved to quash the appeal, as to Jesse Hunnell & Co., for the reason that they filed no exceptions either before the. Auditor or in the court below. The fact upon which the motion is based being conceded, it is clear the firm has no standing in this court, and hence their appeal must be quashed.

On behalf of the remaining appellant, W. S. Adamson, the sole contention is, that the notice served on the sheriff by the labor claimants, to whom part of the fund was awarded, is defective in not setting forth that the property alleged to be subject to the lien is embraced in the sheriff's levy.

The law under which appellees claim is a species of class legislation, and it is not unreasonable to require that all the facts necessary to bring their respective claims within the provisions of the Act should be stated in the notices they are required to serve on the sheriff. This is not only reasonable, but essentially necessary in order that the officer, as well as

[Com'th v. Wells.]

execution creditors and others interested, may act understand-
ingly.    The Act, it is true, does not prescribe any particular
form of notice, but in Allison v. Johnson, et al., 11 Norris, 314
and Pardee's Appeal, 4 Out., 408, we said it should be suffi-
ciently full and clear to show the officer and others interested
that the labor was performed within the time limited by the
Act, in a business defined therein, the sum due, and that the
property subject to the preferred lien is embraced in the levy.
These four ingredients are necessary to bring a claim within
the protection of the Statute, and hence they must appear in
some form, in the notice served on the sheriff.    As to the first
three requisites, the notices in this case are sufficient; but, as
to the fourth, they are fatally defective.    There is nothing in
either of the four notices that can be fairly construed as even
an informal averment that the property, claimed to be subject
to the lien, is embraced in the levy.    For that reason alone
appellees are not entitled to participate in the distribution.

We have not been furnished with the schedule of distribu-
tion, or with the facts necessary to enable us to enter the
proper decree, and must therefore remit the record with
instructions to the court below to correct the decree of distri-
bution in accordance with the views above expressed.

> Appeal, as to Jesse Hunnell & Co., quashed;
> and as to W. S. Adamson, the remaining ap-
> pellant, the decree is reversed at the costs of
> the appellees, and the record is remitted to
> the court below with instructions to distribute
> the fund in controversy in accordance with
> the foregoing opinion.