## John S. Hoffa, Appellant, v. D. W. Person.

*Execution—Insolvency—Distribution—Act of* 1891.

The fact that the proceeds of a sheriff's sale of property taken in execution amounted to less than one half the aggregate of the writs in the sheriff's hands is sufficient evidence of insolvency and brings the distribution of the proceeds within the provisions of the act of May 12, 1891, P. L. 54.

*Wages—Preferred claim—Sufficient notice.*

A notice of a preferred claim for wages must be sufficiently full and clear to show the officers, and others interested, that the labor was performed within the time limited by the act; the business defined therein; the sum due; and the property subject to preferred lien. These four ingredients are necessary to bring the claim within the protection of the statute and must appear in some form in the notice served.

The following notice held sufficient in form as filling the essential conditions:

" To the Sheriff of Wyoming County, Pennsylvania:

" Please take notice that I hereby claim, under the Act of Assembly of April 9, 1872, and its supplements and sundry other Acts of Assembly the sum of one hundred and eight dollars and forty-six cents, to be due to me as a preference from the proceeds derived by you from the sale of the property, lands and goods of D. W. Person, doing business at the steam saw mill of said Person in the Township of Forkston in the County of Wyoming, State of Pennsylvania, and also doing business at the farm of the said D. W. Person, in Cherry Township, Sullivan County, State of Pennsylvania, under executions issued in above stated cases. The said amount is claimed as a lien against the property levied and to be sold under said executions for wages for manual labor and services rendered by me as a laborer for said D. W. Person in and about said business within six months immediately preceding the date of the proposed sale. The

nature and kind of work performed being driving team, hauling tan bark, and working at general farm work, plowing, planting. hauling stones and other similar farm labor.  (Signed) W. G. Heiber, dated March 2, 1894."

*Wages—Preferred claims of laborers employed by contractor.*

Under the act of May 7, 1891, P. L. 44, the claims of laborers employed by a contractor are entitled to preference in the distribution of a fund arising from the sale of the owner's property as provided in said act.

*Statutes—Construction—Constitution of Pennsylvania.*

The act of May 7, 1891, P. L. 44, is constitutional.

Argued Jan. 16, 1896.   Appeal No. 22, Jan. T., 1896, by John S. Hoffa, the execution creditor, from the definitive decree of C. P. Wyoming Co.; April T., 1894, No. 72, in the matter of the distribution of the funds arising from the sheriff's sale of the personal property of D. W. Person, and making distribution of said fund.   Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ.   Affirmed, with modification.

Exceptions to auditor's report distributing proceeds of the sale of personal property.  It appearing by the auditor's report as confirmed by the court that the defendant was insolvent, the claims of certain laborers were allowed as preferred claims and the balance awarded to the execution creditor, J. S. Hoffa, the appellant in this case.  The aggregate of the laborers' claims allowed as preferred claims was $303.46, the balance of the fund being awarded to the appellant as execution creditor. The schedule of distribution as found by the court below being as follows :

The fund in the hands of the sheriff, as reported by the auditor, after deducting the costs of the audit and other costs, is  .   .   .   .   .   . $1,468  09

It is ordered distributed as follows:

| | | |
|---|---|---|
| To W. G. Heiber    .    .    . | $108 | 46 |
| " G. F. Suber    .    .    .    . | 40 | 75 |
| " H. C. Meyer    .    .    . | 76 | 75 |
| Amount carried forward | $225 | 96 |

Amounts brought forward                    $225 96      1,468 09

   To T. H. Kunes, work for Wright &
      Mayo  .  .  .  .  .              24 50
   " T. H. Kunes, work for Millheims      5 00
   " Clinton McCarroll  .  .  .          22 50
   " Harry McCarroll    .  .  ·          25 50
      Total allowed labor claims  .    $303 46
   " J. S. Hoffa to apply upon judgment
      No. 72, April term, 1894  .    1,164 63—$1,468 09

*Errors assigned* were, (1) finding as a fact that at the time of the sheriff's sale the defendant was insolvent; (2) finding as a matter of law that the labor claim filed with the sheriff by W. G. Heiber was in proper form and sufficient in substance; (3) in awarding to Heiber the sum of $108.48; (4, 5) finding as a matter of law that the wages of laborers who worked for the contractors, Millheim Bros. and Wright & Mayo are a preferred lien upon the fund although they are not creditors of the defendant in the execution; (6) in not holding the act of May 7, 1891, unconstitutional; (7–12) in awarding the amount of the claim of the several laborers employed by the contractors; (13) failing to award to appellant as first execution creditor the entire fund.

*E. J. Mullen, Rush J. Thompson* with him, for appellant.— Under act of April 9, 1872, and its supplements, the courts have uniformly held that there are four essentials which must be contained in the notice of labor claims : (1) That the labor was performed within the time limited · by the act. (2) In a business defined therein. (3) The sum due. (4) That the property subject to the lien is embraced in the levy : Pardee's App., 100 Pa. 408; Allison v. Johnson, 92 Pa. 314; 6 Luzerne Leg. Reg. 102; Pepper's App., 2 Penny. 113–116; Timmes v. Metz, 156 Pa. 384. It is submitted that at least one of these requisites is not found in this notice. Where is the business defined in which Person was engaged at the time the work was done?

The act of May 7, 1891, is unconstitutional : Godcharles v. Weigman, 113 Pa. 431; Commonwealth v. Isenberg, 4 Dist. Rep. 579.

*James W. Piatt,* for appellee.—The notice of the claim is
sufficient in substance and form: Bizler v. Kresge, 169 Pa.
405. The assignment of error attacking the constitutionality
of the act should not be considered by this court. The ques-
tion was not raised before the auditor, was not excepted to,
argued or considered by the auditor or the court below. The
reasons urged against the act are exceedingly peculiar and
scarcely worthy of notice. Referring to the title of the act: It
is not necessary that the title should be a complete index: Com-
monwealth v. Green, 58 Pa. 226; Yeager v. Weaver, 64 Pa.
425. It is only necessary that the title should fairly give
notice of the subject of the act, so as to reasonably lead to an
inquiry into its body: Allegheny County Home's App., 77 Pa.
77; State Line Railroad's App., 77 Pa. 429; Mauch Chunk v.
McGee, 81 Pa. 433. See also on the essentials of the act as a
supplement Loewis v. Haedrick, 8 W. N. C. 70; Bank v. Clad-
well, 13 Fed. Rep. 429; Craig v. Presbyterian Church, 88 Pa.
42; In re Borough, 117 Pa. 538. The act does not interfere
with the right to make a contract, nor is the case of Godcharles
v. Wigeman, 113 Pa. 431, cited by the appellant, in point. That
case was clearly right but has no application here.

OPINION by BEAVER, J., March 18, 1896:

The fund for distribution in the court below was raised by
the sale of the personal property of D. W. Person, the defend-
ant, upon executions aggregating more than thirty-four hun-
dred and forty ($3,440) dollars, of which the appellant's was
one. Notices of preferred claims for labor due sundry per-
sons from Person were given to the sheriff prior to the sale,
among them one of W. G. Heiber for one hundred and eight
and $\frac{46}{100}$ ($108.46) dollars, which was rejected by the auditor.
Milheim Brothers had a contract with Person to cut, skid and
haul logs and peel bark. Wright & Mayo had a similar con-
tract to haul bark from the woods to the railroad. A number
of the laborers working for these contractors gave notice of
their several claims which were allowed by the auditor whose
awards to them were confirmed by the court. The thirteen
assignments of error presented by the appellant may be consid-
ered under four general propositions:

First. Error in the court in finding as a fact that at the time

of the sheriff's sale the defendant in the executions, D. W. Person, was insolvent. The aggregate of the executions in the sheriff's hands exceeded $3,400. The proceeds of the sale of all the property levied upon, including a portable sawmill, amounted to sixteen hundred and six and $\frac{5}{100}$ ($1,606.05) dollars. There is no evidence taken by the auditor, so far as we can find, which shows or tends to show Person as the owner of any other property. The fact that the proceeds of the sale of the property taken in execution amounted to less than the half of the aggregate of the writs in the sheriff's hands is sufficient evidence of insolvency, and brings the distribution of the proceeds of the sale within the provision of the act of the 12th of May, 1891; Hartman's Appeal, 107 Pa. 327.

The second and third assignments of error relate to the award in payment of the claim of W. G. Heiber. This claim was rejected by the auditor but its payment allowed by the court upon review of the exceptions filed to the auditor's report. The auditor rejected the claim, upon the ground that the notice served upon the sheriff by Heiber was not in proper form. In what particular the notice is defective the auditor does not state. He says in his conclusions of fact: " This claim is stated to be for labor and services in and about the business of Person as a farmer in Sullivan county and a lumberman in Wyoming." The objection urged by the appellants to the notice given by Heiber is that the business of the defendant is not therein specifically stated. In all other respects the notice is admitted to be sufficient. The notice claims " the sum of one hundred and eight and $\frac{46}{100}$ ($108.46) dollars to be due me as a preference from the proceeds derived by you (the sheriff) from the sale of the property, lands and goods of D. W. Person, doing business at the steam sawmill of said Person in the township of Forkston, in the county of Wyoming, state of Pennsylvania, and also doing business at the farm of the said D. W. Person in Cherry township, Sullivan county, state of Pennsylvania, under executions issued in above stated cases." A fair inference and indeed the only inference to be drawn from this notice is that Person was engaged in the business of farming at his farm and as a lumberman at his steam sawmill. We are, therefore, of opinion that the notice of the claim conveyed to the sheriff the information in this respect which is held to be essential in

making a claim for preference under the act of April 9, 1872, as amended by the act of 12th of May, 1891: Allison v. Johnson, 92 Pa. 314; Timmes v. Metz, 156 Pa. 384. See also Adamson's Appeal, 110 Pa. 459, in which Mr. Justice STERRETT, delivering the opinion of the court, says: "The act it is true does not prescribe any particular form of notice; but in Allison v. Johnson and Pardee's appeal we said it should be sufficiently full and clear to show the officers and others interested that the labor was performed within the time limited by the act in a business defined therein, the sum due, and that the property subject to the preferred lien is embraced in the levy. These four ingredients are necessary to bring a claim within the protection of the statute, and hence they must appear in some form in the notice served on the sheriff." The notice in this case conveyed to the sheriff and all others interested the information which is essential, either directly or by such clear and almost necessary inference, as to leave them in no doubt as to the facts essential to be conveyed by the notice. It is further objected to this claim, however, that "there is not sufficient evidence to support it." We have carefully examined the evidence taken before the auditor, both in the paper-book of the appellant and in the original testimony as attached to the record. They seem to agree. Clearly the evidence on page 4 of the appendix in the appellant's paper-book is wholly insufficient upon which to ground an award of $108.46, and, so far as we can ascertain, this was all the evidence which the judge had before him. It is true, as is said by counsel for the appellee, that the court treated the claim as proven, but something more than the mere notice is required to prove it, and there is no evidence taken before the auditor—making the fullest allowance for the loose and fragmentary manner in which the testimony was taken—to justify the finding. It is probable that the attention of the court below was drawn away from that feature of the case by the argument in reference to the sufficiency of the notice; but, inasmuch as it is specially called to our attention, we are bound to pass upon it. It may be that the auditor, having determined that the notice was insufficient, failed to be as particular in reporting the testimony in regard to the claim as he should have been, but we must take that testimony as we find it and pass upon it as it is presented in the record before us for examination. There is no

evidence whatever as to the amount of labor rendered at the
farm at $20.00 per month, nor is the testimony very specific as
to the number of days employed about the sawmill. The
allowance of the claim in full, therefore, by the court, without
a finding by the auditor that the work had been performed or
of evidence which warranted such a finding, was error. The
utmost to which Heiber was entitled under the testimony, as
given by him, would be thirty-two days at $1.00 per day. It
seems to be reasonably certain that he did at least that much
work, and that amount is, therefore, awarded to him in the dis-
tribution which we make in the Appeal of Millheim et al., filed
this day.

The third general proposition is covered by the 4th, 5th, 7th,
8th, 9th, 10th, 11th and 12th assignments of error. As already
stated, Person, the defendant in the executions in the sheriff's
hands, had contracts with Millheim Bros. and Wright & Mayo
for the work to be done in and about the stocking of their mill
and the hauling of bark. The claimants, to whom distribu-
tion was made as complained of in the 7th, 8th, 9th, 10th, 11th
and 12th assignments of error, were laborers in the employ of
these contractors. It is contended that, inasmuch as they were
not employed by Person himself, they are not entitled to pre-
ference and should not have been paid out of the funds raised
by the sale of his property. The validity of these claims de-
pends upon the construction of the act of 7th of May, 1891,
giving a preference " to any and every laborer for work done
in and about the cutting, peeling, skidding and driving of saw
logs, the hewing, making, cutting and hauling of square tim-
ber and the peeling, skidding and hauling of bark for a period
not exceeding six months prior to the death or assignment for
the benefit of creditors of the employer or employers, or to a sale
of said saw logs, square timber or bark upon execution process
against said employer or employers." The proviso to the said
act expressly provides that " when work as aforesaid shall have
been done for a contractor or contractors and not for the owner
or owners of said saw logs, square timber or bark, all moneys
due as aforesaid shall be preferred and paid to laborers as afore-
said, and any payment or payments so made shall be a good
charge against the contractor or contractors in favor of the
owner or owners in settlement of their account." It is difficult

to see why the claims of the employees of Millheim Brothers and Wright & Mayo are not protected by this proviso. It is admitted that they performed work as laborers for these contractors. There is no dispute as to the amount of their several claims, and we are clearly of opinion that they are protected by the provisions of this act. To give effect to this proviso and to make it consistent with the remainder of the act, it must be held to apply to the case of a sale of the kinds of property therein referred to, when levied upon and sold as the property of the owner or owners thereof, in which event the laborers for a contractor or contractors shall be preferred as in the case of laborers employed directly by the owners. That this was the legislative intent is also apparent from the fact that the claims of laborers for contractors when "so made, shall be a good charge against the contractor or contractors in favor of the owner or owners in settlement of their account:" Seider's Appeal, 46 Pa. 57.

The fourth general proposition is covered by the appellant's sixth assignment of error which is as follows : " The court erred in not holding that the act of May 7, 1891, was unconstitutional and void." No such proposition having been made to the court below, it is difficult to see how the learned judge who decided the case could consider the question. Inasmuch, however, as the question of the constitutionality of the act goes to the root of the controversy in this case, it will be well for us to consider and pass upon this assignment of error, although in general, as was held in Wright v. Wood, 23 Pa. 120, that "a point not made below is not the subject of an assignment of error " will be adhered to by this court in considering questions raised upon appeal, yet under the exceptional circumstances of the case we depart from the general usage, because of the fundamental character of the objection. We permitted the counsel for the appellant to argue the constitutional question in the hearing before us and now consider and pass upon the several grounds upon which the unconstitutionality of the act of the 7th of May, 1891 (P. L. 45), supra, is based. The first objection is that " it is vague, ambiguous and uncertain," and the observation of the court below that the language of the proviso is obscure is used as the grounds upon which this objection is based ; but that is certain which can be rendered certain ; and, inasmuch

as the court below was able to reach a conclusion in the interpretation of the law which was satisfactory to it, and inasmuch as we are of the opinion that the law was properly construed by the court below, we have no difficulty in determining what the legislative intent was. It is said to be "in conflict with article 1, section 1 of the constitution," which is as follows: "All men are born equal, free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation and of pursuing their own happiness." Just how the act in question interferes with this section of the declaration of rights we are not informed in the argument of the appellant, and, in the absence of such information, are frank to say that we cannot see any relevancy whatever in the objection. What the section in question has to do with the act which we are considering we are at a loss to understand. The third objection is that it conflicts with article 1, section 17, of the constitution, which reads: "No ex post facto law nor any law impairing the obligation of contracts or making irrevocable any grant of special privilege or immunities shall be passed." The case of Godcharles et al. v. Wigeman, 113 Pa. 431, is quoted as authority for this objection, but it does not sustain it. In that case the act of June 29, 1881, attempted to make contracts for the parties independently of their own acts and was declared uncontitutional, upon the ground that "it prevented persons who were sui juris from making their own contracts," the act being as was claimed "an infringement alike of the right of the employer and the employee." The act in question provides a remedy for securing the wages of those who by their labor add value to the material upon which their labor is bestowed.

There is nothing in the nature of an ex post facto law, and certainly nothing impairing the obligation of the contract involved in this case. We do not see, therefore, that there is any validity in the third objection. It is claimed in the fourth objection that it conflicts with article 3, section 3, of the constitution, which reads: "No bill, except general appropriation bills, shall be passed, containing more than one subject, which shall be clearly expressed in its title." The title of the act in question is as follows: "Amending an act entitled an act to

enable laborers to secure and collect their pay for work done in and about the stocking of saw logs, approved June 12, one thousand eight hundred and seventy-nine, and further providing that the same shall apply to the hewing, making and hauling of square timber and the peeling, skidding and hauling of bark." It is claimed that the title purports to be an amendment of the act of 1879, while the proviso of the act seeks to introduce a subject not contained in the act of 1879 or suggested by the title to this act. An examination of the original act, however, shows that the proviso is practically an amendment of the fourth section of the act and extends the general provisions of the act as to preference and payment to laborers who work for a contractor or contractors as well as those who work for the owner or owners. It introduces no new subject into the act and the title clearly and fully covers all that is contained in it. The fifth objection is that it conflicts with article 3, section 7 of the constitution which reads: "The general assembly shall not pass any local or special law, regulating trade, mining or manufacturing." This act applies by its terms to the entire commonwealth. It is true that it relates to a particular class of persons, but that class is a genus and not a species. It does not distinguish or create a preference among the different classes of laborers who may be employed in and about the stocking of saw logs. It is similar to our Mechanics' Lien Law and many laws providing for particular industries, but which relate to all classes connected with those industries, which have uniformly been held to be within the provisions of the constitution relating to special legislation. The act does not compel a person engaged in stocking of saw logs "to pay men employed by contractors over whom he had no control rather than the person with whom he made his contracts." It simply provides that the wages, not exceeding $200, of such employees, shall be preferred and first paid out of the proceeds of any executors', administrators', assignee's, sheriff's, or other officer's sale, as the property of the employer or employers.

The assignments of error are, therefore, all overruled, and the decree of the court, except so far as the same relates to the amount of the claim of W. G. Heiber, herein referred to, and as modified by our opinion in the Appeal of Millheim et al. filed this day, is affirmed; the costs to be paid by the appellant.