# Osborne Machine Company, Appellant, *v.* Wilson.

*Wages—Master and servant—Execution —Notice of wages claim.*

1. The notice of a preferred claim for wages must be sufficiently full and clear to show the officers and others interested that the labor was performed within the time limited by the act; the business defined therein; the sum due; and the property subject to preferred lien. These four ingredients are necessary to bring the claim within the protection of the statute, and must appear in some form in the notice served; but an honest mistake in stating the amount of the claim will not deprive the claimant from participation in the distribution of the fund to the extent of the amount to which he is justly entitled.

2. The fact that a wages claimant has included in his notice the

costs of procuring a judgment before a justice of the peace for the amount of his claim, will not defeat his right to participate in the fund for distribution to the actual amount of the claim irrespective of the costs. The inclusion of the costs is not under such circumstances a constructive fraud.

Argued May 5, 1914. Appeal, No. 29, April T., 1914, by plaintiff, from judgment of C. P. Jefferson Co., April T., 1913, No. 323, for defendant on case stated in suit of Osborne Machine Company v. Thomas Wilson. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Case stated to determine the validity of wages claims.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in entering judgment for defendant on the case stated.

*W. C. Pentz,* for appellant, cited: Sanger v. Skinner, 16 W. N. C. 16; Roberts' App., 110 Pa. 325; Green v. Ineson, 43 Pa. Superior Ct. 447; Carey v. Lameroux, 22 Pa. Superior Ct. 560; Jones v. Susquehanna Coal Co., 1 Pa. Superior Ct. 331; Weiskircher v. Volk, 29 Pa. Superior Ct. 611.

*Raymond E. Brown,* for appellee, cited: Allentown Nat. Bank v. Helios Dry Color & Chemical Co., 9 Pa. Superior Ct. 275.

OPINION BY KEPHART, J., July 15, 1914:

The defendants are labor claimants who, prior to the sale of their employer's property, had reduced their several claims to judgments before a justice of the peace. Pending these suits the appellant obtained a judgment by confession for machinery sold and delivered, on which it caused an execution to be issued and the personal property of the defendants' employer to be

levied upon and sold. Before the sale the defendants severally served notice on the sheriff of their respective claims for labor, and in these notices each stated the amount due to be the amount of the judgment obtained by him before the justice, including costs incurred in obtaining the same.

It is contended on behalf of the appellant that the costs of obtaining a judgment are no part of a wage claim and that a constructive fraud was committed by each defendant when he included these costs in and made them a part of the claim in his notice served on the sheriff. The claims of the defendants were honest in amount and there was no actual fraud shown.

The question may be stated: Where a wage claimant honestly mistakes the amount of his claim in his notice filed with the sheriff under the act of 1872, is he thereby precluded from participation in any amount in the distribution of the funds in the hands of the sheriff? In all of the authorities relied upon by the appellant the question passed upon was: "That the notice of a preferred claim for wages must be sufficiently full and clear to show the officers, and others interested, that the labor was performed within the time limited by the act; the business defined therein; the sum due; and the property subject to preferred lien. These four ingredients are necessary to bring the claim within the protection of the statute and must appear in some form in the notice served:" Hoffa v. Person, 1 Pa. Superior Ct. 357; Hall's Est., 148 Pa. 121; Allison v. Johnson, 92 Pa. 316. When any one of these essentials is lacking, the notice is not sufficient and the claim falls. No case has been referred to which undertakes to decide that where a notice, complete on its face, contains all the ingredients required by law, but there is a mistake in fact in a part of one of the essentials of the notice, that this mistake would defeat the entire claim. Each notice served upon the sheriff in this case met every requirement as directed by the authorities quoted

above.  It was prima facie a good claim.  If any one of these essentials was partly incorrect, if the claimant was mistaken or the claim disputed, evidence taken before the court or an auditor would be necessary to properly determine the disputed questions: Hoffa v. Person, supra.  For illustration, a claimant files his claim for wages and a part of the time claimed for is beyond that permitted by the statute; or files a claim for wages on a quantum meruit which is disputed; or the character of the services or labor claimed for may, upon investigation, be such as would not come wholly within the provisions of the act.  These, and many other illustrations, including the case before us, may be pointed out.  A claim for wages on a quantum meruit, under the act of 1872, was proven and the amount fixed before an auditor: Timmes v. Metz, 156 Pa. 384. In like manner the court determined whether a wage claim was entitled to a preference in the distribution of the funds realized from the sale of property other than the employer's, in the appeal of Roberts & Son, 110 Pa. 325.  The notice to the sheriff does not create a lien, definitely define the status of the claim, or give to the claimant filing the same any additional right other than that provided by the statute, which is "to be preferred and first paid out of the proceeds of sale." If the executions were stayed or discontinued, the notice in the hands of the sheriff would avail the claimants nothing: Mettfett v. Mohn, 171 Pa. 395.

From the moment the proceeds realized from the sale reach the sheriff, the notice of the wage claim presented to that officer had a fixed status, entitled to a certain place, with certain rights as defined by the act of 1872, but the notice did not fix the claimant's right to the amount named therein.  The claim was still liable to attack.  It was still the subject of adjudication, as illustrated in the cases of Appeal of Roberts & Son, supra; Hoffa v. Person, supra; Millheim's App., 1 Pa. Superior Ct. 367; Allentown Nat. Bank v. Chemical

Co., 9 Pa. Superior Ct. 275.   The claimant, by his action, has placed himself in a position where he may enforce a preference to the limit of his adjudicated claim, if the amount in the hands of the sheriff will warrant it.

We see no reason why the wage claimant should be held to a stricter rule than a landlord in his claim for rent, a mechanic's lien or other statutory lien or claim for preference.   The same right to final adjudication exists in all of them.   If there is any one of these special classes of favored claimants whose rights should be generously regarded and enforced it is this class of claimants.   They should not be held to the rigid, unbending requirement of the exact letter of the statute, disregarding entirely its spirit.   The act providing for this preference has for its foundation the important rights of a large class of individuals to whom its benefits are of the gravest importance.   The claims thereunder are of a character that appeal to mankind as being entitled to liberal consideration.   Unlike those claims which deal in a business, large or small, and are usually one of many claims, the loss of which, in a contest such as this, from the very limitation in amount imposed by the act, would not be of serious consequence, the wage claim is single and represents all the earnings for a given period and generally the only source from which the claimant gets his livelihood during the time claimed for.   Its loss, then, becomes a very serious matter to the claimant.   As was said by Justice THOMPSON, in Timmes v. Metz, supra: "With the struggle for livelihood intensified by the progressive movements of civilized life, such legislation necessarily has its foundation in a humanity that would aid the weak, and consequently should not be restricted in its operation by requiring the highest degree of precision in the notice to be given to secure its benefits."   In the same case, where a landlord filed his claim for rent, which was in excess of the amount actually due, the court says: "The fact that by mistake or accident he gave

notice of a small sum in excess of the amount then due will not destroy" his right to recover the amount actually due.

In our own case of Hoffa v. Person, supra, the exceptions to the labor claim were that it was not "in proper form and sufficient in substance" and "in awarding the claimant the sum of $108.46." In reviewing these exceptions, Judge BEAVER took into consideration the testimony taken before the auditor and applied it to the claim. He held it to be sufficient in substance, although the notice called for $108.46, but, under the testimony submitted in the case, the amount of this claim was reduced by this court from $108.46 to $32.00, and allowed under the notice as a preference for that amount. "The allowance of the claim in full, therefore, by the court, without a finding by the auditor that the work had been performed or of evidence which warranted such a finding, was error."

We need not go into a discussion of the existence of a constructive fraud as applied by the statute of 13 Elizabeth. Constructive fraud consists in any act of omission or commission contrary to legal or equitable duty, trust or confidence, justly reposed contrary to good conscience and operates as an injury to others. This case does not meet this definition.

The assignment of error is overruled and the judgment is affirmed at the cost of the appellant.