## Huyert v. Rinehart.

*Liens—Wages Act of April 9, 1872—Essential of notice—"Labor at bees"*
*—Property subject to lien.*

1. A notice of wage claim, setting forth the act under which wages are claimed, the amount thereof, the kind of labor performed, the business of the employer, the days on which the labor was performed, and that the labor and services were performed within six months immediately preceding the date for which the property of the defendant was advertised for sale, is sufficient under the provisions of the Wages Act of April 9, 1872, P. L. 47.

2. The defendant in an execution being a landlord and bee-keeper, a wage claim filed for "labor at bees" is stated with sufficient definiteness.

3. A wage claim for "labor at bees" is within the purview of the Act of May 12, 1891, P. L. 54, providing that money due, *inter alia*, a "hand laborer, including farm laborer or any other kind of laborer," shall be a lien upon the real or personal property used in carrying on the employer's business.

4. One who seeks to enforce a wage claim for "labor at bees" against a "landlord and bee-keeper" who conducts the two businesses at separate places, cannot enforce his claim upon the fund realized in an execution under which the defendant's property as a landlord and as a bee-keeper was sold, but must look to the proceeds of the sale of property pertaining to the bee business only.

Exception by plaintiff to wage claim. C. P. Berks Co., Nov. T., 1922, No. 36, E. D.

*Harvey F. Heinly,* for plaintiff and exceptant.

*John W. Speicher,* for claimant.

ENDLICH, P. J., July 2, 1923.—Adam Huyert issued an execution against William C. Rinehart to No. 36, November Term, 1922, E. D. Morris H. Brown filed a wage claim for $86.25 for "labor at bees," performed by him for defendant in and about his business of "landlord and bee-keeper." Plaintiff filed exceptions to the wage claim. The articles sold by the sheriff included household furniture and bar-room fixtures, and also, at a separate place, eighteen hives of bees (the only bees sold), the price brought by the latter being $45.

According to the decision in Adamson's Appeal, 110 Pa. 459, the notice to be given by the claimant under the Wages Act of April 9, 1872, P. L. 47, must set forth the following essentials: (1) That the labor was performed within the time limited by the act; (2) in a business defined therein; (3) the sum due; and (4) that the property subject to the preferred lien is embraced in the levy.

The first exception is as follows: The notice does not aver sufficient facts to bring the claim within the Act of April 9, 1872, and its supplements.

An examination of the wage claim shows that the notice gives the names of the parties, the act under which the wages are claimed, the amount thereof, the kind of labor performed, the business of the employer, the days on which the labor was performed, and that the labor and services were performed within six months immediately preceding the date for which the property of the defendant was advertised for sale. Remembering that by the word "laborer" is meant "those who perform with their own hands the contract they make with the employer" (Seiders's Appeal, 46 Pa. 57), there seems to be nothing lacking essential to its completeness.

The second exception declares that the notice does not state definitely the character of the services for which the claim is made.

The notice says that the amount is due him by the defendant as wages for "labor at bees." It appears that the defendant kept bees in addition to his business as landlord, and, therefore, the character of the services seems to be

4 D. & C.

stated with sufficient definiteness to warrant the overruling of this exception.

The third exception is as follows: The alleged services were not rendered in a business within the purview of the act or its supplements.

The Act of May 12, 1891, P. L. 54, amending the Act of June 13, 1883, P. L. 116, the latter amending the Act of April 9, 1872, P. L. 47, provides:

"That all moneys that may be due or hereafter become due for labor and services rendered by any miner or mechanic, servant girl at hotels, boarding-houses, restaurants or in private families, or any other servant and helper in and about said houses of entertainment and private families; porter, hostler or any other person employed in and about livery stables or hotels, laundry-man or washerwoman, seamster or seamstress employed by merchant tailors or by any other person; milliner, dressmaker, clothier, shirtmaker or clerk employed in stores or elsewhere; hand laborer, including farm laborer or any other kind of laborer, printer, apprentice, and all other tradesmen hired for wages or salary from any person or persons, chartered company, joint-stock company, limited partnership or other partnership, either as owner, lessee, contractor or under-owner, whether at so much per diem or otherwise, for any period not exceeding six months preceding the sale or transfer of the real or personal property, works, mines, manufactories or business or other property connected therewith in carrying on the same of said person or persons, char-tered company, joint-stock company, limited partnership or other partner-ship, by execution or otherwise, on account of the death or insolvency of such employer or employers, shall be a lien upon said real or personal property, mine, manufactory, business or other property in and about or used in carry-ing on said business or in connection therewith, to the extent of the interest of such employer or employers in said property, and shall be preferred and first paid out of the proceeds of the sale of such real and personal property, mine, manufactory, business or other property as aforesaid," thus bringing the services here alleged to have been rendered within the purview of the Act of 1872 and its supplements.

The fourth exception says that the notice does not properly define the business carried on by the defendant against whom the claim is made.

It does, however, state that the work was performed for the defendant in and about his business of "landlord and bee-keeper," which seems definite enough.

The fifth exception says that the alleged services are not within the pur-view of the act or its supplements—an exception disposed of by what has been said as to the third exception.

The sixth exception is that the claim seeks to lay hold on moneys realized from property used in a business other than that in which the alleged labor was performed.

Under the provisions of the Act of 1891 (upon which, at the argument, counsel for claimant expressly based his alleged right of lien or preference), such right arises to the employee upon "the sale or transfer of the . . . per-sonal property, . . . business or other property connected therewith in carry-ing on the same, . . . by execution or otherwise, on account of the death or insolvency of such employer," and his wages "shall be a lien upon said . . . personal property, . . . business or other property in and about or used in carrying on said business or in connection therewith, . . . and shall be pre-ferred and first paid out of the proceeds of the sale of such . . . personal property, . . . business or other property as aforesaid."

There is no one business such as "landlord and bee-keeper." They are two separate and distinct businesses, and were carried on by the defendant at

different places.  The claim here being for "labor at bees," it is evident that the business of the defendant in which the claimant was employed was that of a bee-keeper.  Hence, in conformity with the method provided for the enforcement of the lien, there can be no claim upon the whole fund realized in the execution, but it is collectible, ahead of other claims, only out of the proceeds of the sale of the property pertaining to the bee business; and the amount thus derived being $45, that is the limit of what the claimant can be entitled to.

The sixth exception is sustained as to so much of the wages claim as exceeds the sum of $45, and to that extent it is dismissed, and the remaining exceptions are dismissed.

From Wellington M. Bertolet, Reading, Pa.