*Execution—Wages claim—Sufficient notice—Act of April 9, 1872.*

1. The notice to be given the sheriff by the claimants under the Wages Act of April 9, 1872, P. L. 47, must set forth the following essentials: (*a*) The amount of wages due; (*b*) the character of service performed, and that the same was performed in a business conducted by defendant, and such as is defined by law; (*c*) its performance within the time limited by law; (*d*) the process in the hands of the sheriff, so that he can identify the same; and (*e*) that the claim is a lien upon the property under levy.

2. A notice signed by a father on behalf of his minor daughter for wages as a domestic during a certain period is sufficient, as "domestic" carries with it a definition of the work and place where it was performed and the business of the employer: Ely *v*. Stanton, 120 Pa. 532, distinguished.

3. An averment in the affidavit of defence raising questions of law, alleging that the wage notice was filed after the sale, is a speaking demurrer.

*Assumpsit.* Affidavit of defence raising questions of law. C. P. Lehigh Co., Jan. T., 1924, No. 19.

*James F. Henninger*, for use-plaintiff.

*Thomas F. Diefenderfer*, for defendants.

RENO, J., Dec. 3, 1923.—Plaintiff, a minor suing by her father as next friend, seeks to recover from the sheriff and his sureties the sum of $19, alleging that the sheriff refused to honor and pay her claim for wages out of the fund realized by the execution against her employer, Irvin B. Spohn. The statutory demurrer raises questions which relate principally to the sufficiency of the notice of her claim filed with the sheriff and attached to her statement of claim in this court.

It may be affirmed that the notice filed with the sheriff is not drawn with that degree of care with which a formal pleading is drawn. But we are not obliged to be astute or hypercritical in passing upon the notice. The Act of April 9, 1872, P. L. 47, and the several amendments thereof, do not prescribe a form of notice, and it has been repeatedly held notices are sufficient which with reasonable certainty inform the sheriff of *(a)* the amount of wages due; *(b)* the character of service performed and that the same was performed in a business conducted by defendant and such as is defined by law; *(c)* its performance within the time limited by law; *(d)* the process in the hands of the sheriff, so that he can identify the same; and *(e)* that the claim is a lien upon the property under levy: Adamson's Appeal, 110 Pa. 459; Hall's Estate, 148 Pa. 121; Timmes *v*. Metz, 156 Pa. 384; Hoffa *v*. Person, 1 Pa. Superior Ct. 357; Bank *v*. Chemical Co., 9 Pa. Superior Ct. 275.

The notice is signed by Charles P. Schlegel on behalf of his minor daughter, and is for her wages as a domestic during August, September and October, 1922. It is true that the nature of execution defendant's business is not defined in the notice, except in so far as the word "domestic" defines it. A "domestic" is a servant girl in a private family, and, of itself, carries with it a definition of the work for which she was employed, the place where it was performed and the business of the employer, *i. e.*, a householder. To ask for further definition would be requiring the gilding of fine gold.

At first blush, it would seem that the case of Ely *v.* Stanton, 120 Pa. 532, rules that notice cannot be given by a father on behalf of his minor children. But careful reading of that case shows that the wage claim therein discussed was found invalid because the record failed to disclose either the kind of labor or the character of the defendant as one of the enumerated classes of employers mentioned in the Act of 1872. That the father sued seems not to be the reason for the case. Apart from this, the suit here is not by the father in his own right, but as the next friend of his daughter, and the latter is, therefore, the real party plaintiff.

The statement of claim alleges that the notice was filed Oct. 31, 1922, and that the sale was held Nov. 1, 1922. The notice was, therefore, filed on time. But the demurrer alleges that it was filed after the sale. To that extent the demurrer is a speaking demurrer, and cannot be considered.

Now, Dec. 3, 1923, the affidavit of defence raising questions of law for the decision of the court is overruled. Defendants will file affidavit of defence within fifteen days after service of this order.

**From James L. Schaadt, Allentown, Pa.**