## Bogdan v. St. Michael's Russian Orthodox Church.

Argued May 2, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*R. J. Lucksha,* for appellant.

*J. A. Denslow,* and with him *Sherriff, Lindsay, Weis & Hutchinson,* for appellee.

PER CURIAM, July 13, 1934:

Michalina Bogdan obtained a judgment for $500 against St. Michael's Russian Orthodox Church, and caused a writ of fi. fa. to be issued thereon on November 19, 1932, and by virtue thereof the sheriff sold the personal property of the church for $641 on April 11, 1933. The Reverend Kobzareff, the appellant, entered judgment against the same church for $355 and issued a fi. fa. and placed the same in the hands of the sheriff on January 31, 1933 more than two months after the writ was issued in the Bogdan case and more than one month after levy had been made on her writ. He claimed that his judgment was for services and wages in and about the defendant church, but it was simply a judgment note for the amount purported to be due and there was nothing on its face which showed that it represented a claim for wages in whole or in part. It, therefore, could not participate in the distribution of the proceeds of the sale as they had to be applied to the judgment upon which the first execution was issued and levy made, and which with costs exhausted the fund.

On February 8, 1933, Rev. Kobzareff filed a notice

in the nature of a wage claim with the sheriff. The matter came before the court upon petition and answer and in answering the claim of the plaintiff in the writ that the money should be paid to her, he states that the amount should be appropriated to him for wages due him as a clergyman, his assertion being that the Acts of Assembly giving priority of lien for wages out of the proceeds of sheriffs' sales were broad enough to include the wages or salary of a priest or clergyman. We find no basis for this in the Act of Assembly of 1872, April 9, P. L. 47, Section 1, and the several amendments thereto, 43 PS, Section 221, page 95. The office of clergyman is not one of the classes enumerated under the act, and the lower court was right in so ruling.

We cannot by any stretch of language apply any of the classes enumerated to that of a priest or clergyman. If this be so necessarily his claim cannot be allowed. Even if we were mistaken in so ruling, there is another reason why his demand cannot be sustained. The notice referred to, which the Rev. Kobzareff filed with the sheriff, is as follows:

"Claim for Wages of Rev. Nikita Kobzareff
"To Frank I. Gollmar, Esq.,
Sheriff of Allegheny County.

Please notice that the following claim for wages in the sum of $355 at St. Michael's Russian Orthodox Church, 43 Reed Street, Pittsburgh, Pa., within six months last past are made upon the proceeds of the sale of the property of said defendant levied upon and to be sold by you, and the person herein mentioned claims out of said proceeds the sum permitted by law.

Rev. Nikita Kobzareff,
Claimant,
43 Reed Street,
Pittsburgh, Pa."

The notice is not sufficient. The essential requisites of such notice are that it set out the time in which the labor was performed, the nature of the business, the sum due and that the property subject to the lien was embraced in the levy: Allison v. Johnson, 92 Pa. 314; Osborn Machine Co. v. Wilson, 58 Pa. Superior Ct. 209; Green v. Ineson, 43 Pa. Superior Ct. 447; Timmes v. Metz, 156 Pa. 384, 27 A. 248; Adamson's Appeal, 110 Pa. 459, 1 A. 327. The claimant failed to set out some of these essential facts.

We agree with the lower court: "By reason of the defects in the notice to the sheriff and for the further reason that there is no provision in the original act or any of its supplements providing for the allowance of wage claims for the services of a priest or clergyman, the respondent's claim cannot be allowed."

The order of the lower court directing the balance of the fund paid into court be paid to the plaintiff in the writ, Michalina Bogdan, is affirmed, appellant to pay the costs.