Allentown National Bank *v.* Helios Dry Color & Chemical Co. Appeal of Thomas H. Knappenberger & Son.

*Sheriff's fund—Mechanic's lien and wage claims.*

Under the Act of April 9, 1872, P. L. 47, and its supplements, labor claimants have priority over mechanic's lien creditors. Judgments and mortgages are the only exceptions named in the act and a mechanic's lien can be classed with neither; nor can mechanic's lien creditors be included by any stretch of reasoning among wage claimants.

*Wages—Preferred claim—Sufficient notice.*

The act does not require any special form of notice for wage claims, so long as it is sufficiently full and clear to show the officers, and others interested, that the labor was performed within the time limited by the act; the business defined therein; the sum due; and the property subject to preferred lien.

*Wages—Claims in excess of $200 abate.*

An actual bona fide transfer carries with it all remedies, rights, etc., but the benefits conferred limit preferred claims to $200. A claim in excess of this amount is preferred to the extent of $200 only, but the language of the act does not indicate that a wage earner who is a creditor to an amount in excess of $200 shall be deprived wholly of preference.

Argued Dec. 7, 1898. Appeal, No. 141, Oct. T., 1898, by Thomas H. Knappenberger & Son, on their own behalf for themselves and for the other mechanic's lien creditors, from the definitive decree of C. P. Lehigh Co., Jan. T., 1897, No. 347, distributing proceeds of a sheriff's sale of a leasehold interest. Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Modified and affirmed.

Exceptions to commissioner's report in distribution. Before ALBRIGHT, P. J.

It appears from the record and evidence that a judgment by confession was entered in the common pleas to January T., 1897, No. 347, in favor of the Allentown National Bank, against the Helios Dry Color & Chemical Co., for the sum of $3,000, upon which a fi. fa. was issued March 30, 1897, to April T., 1897, No. 70, and the sum of $47.27, besides costs realized out of the goods levied upon; that on April 12, 1897, a further fi. fa. under the first section of the act of April 7, 1870, was issued against the personal, mixed and real property, franchises and rights of said defendant, to June T., 1897, No. 4, and from the sale thereof was realized the sum of $1,490.05, beside costs; that under the act of June 13, 1836, and supplements thereto, especially the act of May 26, 1871, relating to Lehigh and Northampton counties, and by virtue of and claiming the benefit of its provisions, certain mechanics' liens were filed against the leasehold interest of the Helios Dry Color & Chemical Co., or the Helios Dry Color Co., Limited, the L. V. R. R. Co., owner or reputed owner, and Wm. B. Shaffer, contractor, and the buildings and fixtures erected thereon; that wage claims against said Helios Dry Color & Chemical Co., numbered from 4,294 to 4,314 inclusive for various amounts, each under $200—except that of H. S. Giles, which is $217.07—were filed by the Allentown National Bank, transferree of original claimants, April 23, 1897, under the act of May 12, 1891, in the office of the prothonotary of said court; that the total amount of said wage claims within the provisions or limits of said act would appear to be the sum of $1,430.88, and $31.50, costs paid for filing same; that said wage claims were also filed with the sheriff, and due notice thereof, under the provisions of the statute, given to said sheriff before the sale; that the property sold was a leasehold with

buildings, fixtures and machinery, used in the business of the defendant in the execution, and also the defendant company's franchise, and brought the gross sum of $1,581—and the costs of sale were $90.95, leaving the net sum of $1,490.05 for distribution.

The fund in court was claimed by two classes of creditors— mechanic's lien and labor claim—and as the amount is insufficient to satisfy both, the establishment of the rightful claim of either class will exclude the other from any participation in the distribution.

The following form of notice was filed with the sheriff of Lehigh county and may be considered as a test for all the labor liens filed:

"Please take notice that there is due me from the Helios Dry Color & Chemical Company, defendant above named engaged in the business of Manufacturing Copperas Paints and Colors, in the township of Salisbury, in the county of Lehigh, Pa., and employing clerks, mechanics and laborers, in and about said business, for manual labor and services rendered and performed within six months immediately preceding the 24th day of April, 1897, by me as a laborer in and about the said business, carried on as aforesaid by the said Helios Dry Color & Chemical Company, defendant above named, the sum of twenty-one dollars and thirteen cents, which sum became due in manner and between the dates here specified, to wit:

| "Between March 20th and April 3d, | . | . | $ 1 | 88 |
| " April 3d and April 17th, | . | . | 13 | 75 |
| " " 17th and " 23d, . | . | . | 5 | 50 |
| | | | $21 | 13 |

"And all earned as laborer in and about said works.

"Take notice further that the above stated amount, so as aforesaid due to me for manual labor and services performed for the defendant above named, is a lien upon the manufactory, business and other property of said defendant, in and about, or used in carrying on the said business, or in connection therewith, and seized by you under the above stated executions, being writs of fi. fa. issuing out of the court of common pleas of Lehigh county to No. 4, June term, 1897, and is to be preferred and first paid by you out of the proceeds of the sale of said

278        BANK *v.* CHEMICAL CO.

Statement of Facts—Assignment of Errors.   [9 Pa. Superior Ct.

manufactory, business and property of said defendant, in and about or in connection with which, and in carrying on the same, my labor and services as aforesaid were performed for the defendant.

" You are therefore required to pay said amount to me out of the proceeds of said sale, in discharge of said lien, and in preference to all other claimants and creditors of the defendant, agreeably to the provisions of the acts of assembly for such cases made and provided.

" Respectfully,

" R. E. WRIGHT, Attorney,<br>for THOS. BACHMAN."

(Affidavit attached.)

The commissioner awarded the whole of the fund, less cost of distribution, the amount aggregating less than the sum of all the labor claims, under $200 each, to the assignee thereof. Exceptions were filed to the report of the auditor, which were dismissed by the court.   Mechanic's lien creditors appealed.

*Errors assigned* among others were (1) in deciding as follows : " The court can discover no defects or omissions in the labor claims filed, the assertion that they are defective has no foundation."   (2)  In deciding as follows : " That under the facts the assignee of those claims (labor claims) has all the rights of the laborers including lien is manifest, as is also the fact that a mechanic's claim is not a judgment, and therefore to be preferred by virtue of the proviso of section 4 of the wages act of 1872." (3)  In not sustaining the second exception of Thomas H. Knappenberger & Son to the commissioner's report, which was as follows : " The auditor erred in holding that the leaseholds and franchises involved in the case, must be treated as if they were purely personal property and that the proceeds thereof must be distributed in accordance with the decision in the Philadelphia Trust Company's Appeal, 2 W. N. C. 593."   (4)  In not sustaining the third exception of Thomas H. Knappenberger & Son to the commissioner's report, which was as follows, viz : " The auditor erred in holding that the labor claims filed April 23, 1897, in the prothonotary's office, and also served on the sheriff, ' contain all the essential elements in, and are in substantial compliance with, the clause of the act fixing the requirements in order

to bind the real estate.' "    (7) In not sustaining the sixth exception of Thomas H. Knappenberger & Son to the commissioner's report, which was as follows, viz: " The auditor should have held that the said mechanics' liens took priority over said labor claims." (8) In not sustaining the seventh exception of Thomas H. Knappenberger & Son to the commissioner's report, which was as follows, viz: " The auditor erred in distributing the funds in court, in this cause, to the labor claimants, to the use of the Allentown National Bank."    (10) In allowing the distribution of $217.07 to the labor lien, No. 4,307, of H. S. Giles, the amount thereof exceeding $200.

*James S. Biery,* with him *Frank M. Trexler* and *James L. Marsteller,* for appellants.—Under the fourth section of the act of 1872, it is provided that " No lien of mortgage or judgment entered before such labor is performed, shall ' be affected or impaired thereby."    And the act of 1891 says, " That the act shall not be so construed as to impair contracts existing, or liens of record vested prior to its passage."    The learned court below erroneously holds that under the general provisions of these two acts these labor liens take priority over our mechanics' liens, on the ground that mechanics' liens are neither mortgages nor judgments.    This ruling, is, in effect, that all other liens on the property, except mortgages and judgments, that would be discharged by the sheriff's sale in a case where labor liens have been filed, must be postponed in the distribution, to the labor liens.    If this be sound construction, then labor liens would supersede in right of distribution such liens as a widow's dower on land sold after the death of the widow; a charge on land created by the grantor in his deed; a legacy charged on real estate by will; a municipal lien filed for improvements of streets or water mains, for none of these are either mortgages or judgments and would be discharged by operation of a sheriff's sale. Again, a mechanic's lien relates back to the beginning of the building, as we have seen.    A judgment obtained thereon also relates back to the same time.

We all know that the questions arising out of our acts relating to mechanics' liens and labor liens are quite complicated enough, without inviting additional difficulties by their construction.· ·Acts must often be construed by their spirit rather

than by the letter in order to give proper effect to the legislative intent: Improvement Co. v. Com., 94 Pa. 450.

The object of the legislature was to enable the mechanic or material man, to follow his labor or materials into the building which is pledged for the price without regard to the estate of the owner: Savoy & Salter v. Jones, 2 Rawle, 342. To the same effect is O'Conner v. Warner, 4 W. & S. 223.

This is an attempt to transfer the money of the mechanic into the pocket of another class of laborers which is not favored: Lambertson v. Hogan, 2 Pa. 22.

In view of what we have said, it seems plain that when the acts of 1872 and 1891 say that laborers "shall be preferred and first paid out of the proceeds," etc., without saying above what other liens (except judgments and mortgages) preference is to be given, the legislature must have intended to give them preference above unsecured creditors, judgments obtained or executions issued while such labor was being done and such like claims, on substantially the same principle that a landlord has the preference for his rent in arrear when his tenant is sold out under execution; but that it was never intended that these labor claimants should be allowed to reach back and cut out former vested mechanics' liens, and pocket the money which was the fruit of other men's labor and materials, without compensation, and against every principle of equity.

As to the form and substance of the labor-claims filed in this case, they were not sufficient in law to constitute a lien on the leasehold sold. They do not state with sufficient particularity first, the character of the labor or services for which the claims are made; second, nor the time and days when said labor is claimed to have been performed or at what rate of wages; third, nor under what act or by what right these claims were made. See Hall's Est., 148 Pa. 121, and McCay's Appeal, 37 Pa. 125.

In any event there should be no recovery for the labor claimants who have been paid. The action of the bank in this case was but the loan of money to the company to pay its hands: Brick Co.'s Assigned Est., 183 Pa. 96. See also Rheeling's Appeal, 107 Pa. 161.

*R. E. Wright*, for appellee.—The act of assembly giving a preference to labor claims was first passed and approved on

April 9, 1872, P. L. 47. This act was then amended by the Act of June 13, 1883, P. L. 116, and finally amended and left in its present shape by the Act of May 12, 1891, P. L. 54.

The various changes in these several acts from the original act of 1872 were in the direction of extending the benefit of its provisions to larger and additional classes of employees. The important language of the act as to the preference was the same in all of the acts above referred to.

This act emphasizes the fact that no mortgage, instrument, or lien of any kind shall impair the priority of the labor claim, except that where a lien of a mortgage or judgment has been entered before the labor is performed which shall not be affected by the lien.

As to the minor questions raised in the case, we presume it will not be disputed that the Allentown National Bank as assignee of these labor claims stands in the same position as the claimants themselves.

This was decided by the Supreme Court in Riddlesburg Coal & Iron Company's App., 114 Pa. 58.

Labor claims for wages under the act of April 9, 1872, and its supplement of June 12, 1878, P. L. 207, may be sold and assigned, and the assignees are thus invested with all the rights the labor claimants themselves would have had if their respective claims had not been so sold and assigned: Riddlesburg Coal & Iron Company's App., supra.

As bearing on the question of whether the property sold by the sheriff was real or personal property, I refer to the Philadelphia Trust Company's App., 2 W. N. C. 593, where it is decided that the interest of a lessee in a lease and fixtures is personalty and not real estate.

Under the decisions in this court the requisites in claims of this kind have been frequently discussed: Allison v. Johnson, 92 Pa. 314; Pardee's Appeal, 100 Pa. 408; Adamson's Appeal, 110 Pa. 459; Hall's Est., 148 Pa. 121; Timmes v. Metz, 156 Pa. 384; Hoffa v. Person, 1 Pa. Superior Ct. 357.

OPINION BY WILLIAM W. PORTER, J., January 18, 1899:

The fund in court is the proceeds of the sheriff's sale of the works, buildings, machinery and lease used in the business of the Helios Dry Color and Chemical Co. There are two sets of

claimants upon the fund.   Either set will exhaust it.   The first is composed of mechanic's lien creditors; the second of labor claimants, whose claims are now held by a bank as assignee. The question for decision is, which claimants are entitled to the fund.

We have before us an able opinion of the court below affirming a clear, concise and adequate report of a commissioner. The case might well be left with a formal affirmance.   The question is, however, new in the form in which it now arises, and we therefore add a confirmation.

Something is said, in the argument of the appellant, on the subject of the relative equities of the claims of the two classes of claimants.   This subject has no place in the discussion.   Each set of claimants is a preferred class.   The legislature has seen fit to give to each of them privileges which have not been conferred upon other classes of creditors.   It is a pure matter of determining which is the first preferred, and involves a construction of the act of 1872 and its supplements.

The act of May 12, 1891, provides, that the wages therein described shall be " preferred and first paid " out of the proceeds of the sale of such real and personal property as is therein described.   It is the last supplement to the act of 1872 Section 4 of the latter, provides " that no mortgage or other instrument by which a lien is hereafter created, shall operate to impair or postpone the lien and preference given and secured to the wages and moneys mentioned in the first section of this act.   Provided, That no lien of mortgage or judgment entered before such labor is performed shall be affected or impaired thereby."   This section postpones to the labor claims even mortgages, or other instruments by which a lien is created, and the only exception is the preservation of the lien of mortgages or judgments entered before the labor was performed.   This language is plain.   It clearly gives the labor claimants priority over mechanic's lien creditors.   A mechanic's lien is not a judgment, nor is it a mortgage.   These are the only exceptions named in the act.   Nor can the mechanic's lien claimants be, by any stretch of reasoning, included among the wage claimants, under the act of 1872.   The former claim for work done in construction.   The latter claim for work done in the conduct or prosecution of the enterprise.   See opinion in Rees v. Hulings, filed this day, and cases there cited.

Objection is made to the form of the notice of the claims of the employees, given to the sheriff. The act requires no particular form of notice. It has certain essentials, which have been indicated in Adamson's Appeal, 110 Pa. 459, Hall's Estate, 148 Pa. 121, Timmes v. Metz, 156 Pa. 384, and in Hoffa v. Person, 1 Pa. Superior Ct. 357. A careful scrutiny of the form of notice used in this case, satisfies us that all the essentials have been supplied.

The title of the bank, acquired by assignment of the labor claims for wages, has not been successfully attacked. There was here, as shown by the testimony, an actual bona fide transfer of the labor claims carrying all remedies, rights, etc., directly from the men when the money was paid to them by the bank: Riddleburg C. & I. Co.'s Appeal, 114 Pa. 58; Phila. Trust Co.'s Appeal, 2 W. N. C. 593. It was not a loan to the company with an assignment of labor claims in payment, or as security.

The act limits the benefits conferred upon labor claimants. "The claim thus preferred shall not exceed two hundred dollars." In the schedule of claims appears that of H. S. Giles for $217.07. There is no explanation as to the manner in which this claim is made up, but the act evidently intends that claims of a character comprehended by its provisions shall be preferred to the extent of $200. The language does not indicate an intention that the wage earner, who is a creditor to an amount in excess of $200, shall be deprived wholly of preference. The claim thus referred to is properly payable with the other claims, subject to a reduction bringing it within the limitations of the act.

With this modification, the judgment of the court below is affirmed.