**PEARSALL v. CENTRAL OIL & GAS CO. OF AMERICA.**

District Court, W. D. Pennsylvania. October 24, 1927.

No. 1387.

1. Receivers ⚙️163—Interest to date of distribution of insolvent's estate is recoverable on internal revenue tax claims entitled to priority.

Interest to date of distribution of estate of insolvent is recoverable on internal revenue taxes entitled to priority.

2. Receivers ⚙️158(2)—Wage claims against insolvent have no priority over prior judgment lien (Act Pa. April 9, 1872 [P. L. 47]).

Under Act Pa. April 9, 1872 (P. L. 47), wage claims against an insolvent are not entitled to priority over prior judgment lien.

3. Receivers ⚙️158(4)—Claim for rent held not entitled to priority over judgment lien.

A claim for rent against an insolvent is not entitled to priority in distribution of proceeds of real estate over a judgment which was a lien thereon.

In Equity. Suit by W. B. Pearsall against the Central Oil & Gas Company of America. On exceptions by D. B. Heiner, Collector of Internal Revenue, and by the Franklin Trust Company to schedule of distribution reported by master. Exceptions sustained.

Frank R. S. Kaplan, of Pittsburgh, Pa., for plaintiff.

Leander Trautman, of Pittsburgh, Pa., for defendant.

Donald Glenn, of Franklin, Pa., and E. W. Arthur, of Pittsburgh, Pa., for Exceptant Franklin Trust Co.

John D. Meyer, U. S. Atty., of Pittsburgh, Pa., for Collector of Internal Revenue.

Robt. M. Gilkey, of Greenville, Pa., for McFadden.

GIBSON, District Judge. Exceptions have been filed to the schedule of distribution reported by the master on behalf of D. B. Heiner, collector of internal revenue, and by the Franklin Trust Company. The exception of the collector is based upon the failure of the master to allow, in addition to the claim for taxes, the interest prescribed by statute upon failure to pay such taxes in due time.

[1] Ordinarily interest is not allowed upon claims against the funds of an insolvent in the hands of a receiver. This rule is applicable when the fund is to be shared by general creditors, or by lienholders of equal rank; but, where the claims are not of equal rank, interest is to be allowed to the date of distribution upon those entitled to priority, even though the fund be exhausted by them. In the instant matter it is conceded that the claim of the United States for taxes is entitled to priority over the other claims, and in such case it carries the right to interest. See American Iron Co. v. Seaboard Air Line, 233 U. S. 261, 34 S. Ct. 502, 58 L. Ed. 949; First National Bank v. Ewing (C. C. A.) 103 F. 168, 190.

The exceptions of D. B. Heiner, collector, to the master's report, so far as they relate to the failure of the master to allow interest upon the items of the claim filed, must be sustained. An order will be made by which the amount of $392.25, awarded to the collector by the master, will be increased by the addition of interest upon each of the various items making up the claim. The sum of $28.12, interest at 1 per cent. per month on $30.57, income tax for the year ending December 31, 1917, from August 22, 1918, will be added; also $58.86, interest on $108, capital stock tax for the year ending June 30, 1922, from October 15, 1921; also $49.76, interest on $117, capital stock tax for year ending June 30, 1923, from October 4, 1922; also $36.62, interest on $118, capital stock tax for the year ending June 30, 1924, from September 19, 1923. The total amount to be distributed to D. B. Heiner, Collector, is $565.61.

[2] The Franklin Trust Company has excepted to the order of the master whereby he awarded priority in distribution to certain wage claims, and a claim for office rent, as against a judgment in favor of T. B. McFadden, for use of the Franklin Trust Company. The labor claims were for services rendered within six months preceding the receivership, August 10, 1925. The judgment of the exceptant had been entered on November 7, 1922, upon a mechanic's lien filed July 8, 1922. The master has cited Allentown National Bank v. Helios Dry Color & Chemical Co., 9 Pa. Super. Ct. 275, in support of his award of priority to the labor claims. That case holds that wages of labor take precedence over mechanics' liens and judgments entered subsequently to the performance of the services for which the labor claim was filed.

The learned master seems to have failed to observe the difference in the facts of the case cited and those of the instant matter. In the matter under present consideration, the mechanic's lien claim had been reduced to judgment and stood upon the same plane as any other judgment, and, instead of being entered subsequently to the performance of the services upon which the wage claims were based, it had been entered over two years

prior to such performance. The Act of April 9, 1872 (P. L. 47), giving priority to wage claims, expressly provides that the preference established by it shall not impair the lien of a mortgage or judgment entered before the service is rendered for which wages are claimed.

The exception of the Franklin Trust Company to the allowance of priority to the wage claims of R. H. Braham for $45.70, H. D. Boyd for $66.60, Harry A. Stuck for $290, and C. C. Ward for $24, must be sustained, as the exceptant's judgment is plainly entitled to payment in advance of them.

[3] The learned master was also in error in awarding precedence to the rent claim of W. B. Pearsall for $315 over the judgment of T. B. McFadden, for use of the Franklin Trust Company. The rent was for the office of the present insolvent from November, 1924, to August 14, 1925. The lessor had made no levy upon any goods of the Central Oil & Gas Company of America in the office, and the fund in which he was claiming a preference was from the sale of the company's real estate. Plainly the rent claim was subordinated to the judgment entered two years prior to the inception of the rent claim.

The exception of the Franklin Trust Company to the report of the master, that the claim for rent was entitled to payment in advance of the payment of the judgment of the exceptant, must be sustained.