## Frank Mettfett, Appellant, *v.* D. C. Mohn.

*Wages—Labor claims—Execution—Stay of sale—Act of April 9*, 1872.

Where plaintiff and defendant in the execution make a settlement and agree that the writ shall be staid, wage claimants against the defendant cannot compel the sheriff to make levy and proceed with the sale. The act of April 9, 1872, P. L. 47, did not give wage earners' claims a lien, but merely a priority in the distribution of the proceeds of a sale made under an execution.

Argued May 20, 1895. Appeal No. 231, Jan. T., 1894, by plaintiff, from order of C. P. Lancaster Co., Jan. T., 1894, No. 46, making absolute rule to strike off stay of execution. Before STERRETT, C. J., WILLIAMS, MITCHELL, DEAN and FELL, JJ. Reversed.

Rule to strike off stay of execution. Before BRUBAKER, J.

From the record it appeared that Frank Mettfett obtained judgment against D. C. Mohn, and on December 20, 1893, issued execution thereon.

Mohn was the lessee of the Stevens House, a hotel in the city of Lancaster, and Mettfett was his surety for the payment of rent. On the 29th day of December the personal property

of defendant which might have been the subject of a levy under said execution was transferred to the Lancaster Hotel Company by Mohn, with the consent of Mettfett, and it was then agreed between Mettfett and Mohn that the writ should be staid. On December 30, certain claims for wages were filed with the sheriff, and by direction of counsel for the respective claimants, the sheriff made a levy upon the personal property which had been transferred to the Lancaster Hotel Company. Whereupon the same day the following indorsement was made upon the writ: "December 30, 1893. J. Hay Brown, of Brown & Hensel, attorneys for plaintiff, ordered the within writ to be staid." Subsequently P. J. Reilly and other labor claimants obtained a rule to show cause why said indorsement on the writ should not be stricken off and the sheriff proceed to sell the property for the claims of the labor claimants.

The court made the rule absolute.

*Error assigned* was above order.

J. *Hay Brown* and *W. U. Hensel*, for appellant.—The writ of execution that was issued was the common law writ of fieri facias. Under it, as such common law writ, wage earners had no rights. The writ was absolutely under the control of the plaintiff who issued it, and if the class of claimants who are the appellee here have any rights to so control such writ they must be found in the statute. No such right can there be found. Landlords are protected to the extent of a year's rent under the act of June 16, 1836, P. L. 769 (Purd. Dig. vol. 1, p. 843), and that same act provides that no writ of execution issued by a plaintiff can be staid without the consent of the landlord, but can it be contended that, if there were not this statutory provision, a landlord could control the process? Prior to the passage of the act the landlord had no right to control a writ of execution. The act of May 12, 1891, as well as the act of June 13, 1883, and the act of April 9, 1872, of which it is amendatory, contain no such provision. Nothing can be found in either of these acts of assembly giving a wage earner any right to control the process that may be issued at the instance of the creditor, and if such right cannot be found in the statute it cannot be invoked as existing anywhere else. In short,

any rights of the wage earners giving them preference over execution creditors can exist only by express statutory provisions, and, if none such exist, no such rights can be asserted.

Besides, the act of assembly under which the rights of appellees are asserted, provides that wage earners, if their claims are in accordance with its terms, are simply " to be preferred and first paid out of the proceeds of the sale of such real and personal property." In other words, there is no preference until there be a sale, judicial, or in connection with the winding up of the business of the debtor : Wilkinson v. Patton, 162 Pa. 12.

*J. W. Johnson*, for appellee. — If the thing attempted by Mettfett and Mohn in this case be declared legal there would probably be very few labor claims paid in the future where execution would be issued against an insolvent debtor. The plaintiff and defendant would simply go together and settle by a transfer of all the property to the plaintiff, who would go to the sheriff and stay the writ.

No one of the several supplements to the act of 1872 makes the law less favorable to the laborer. This act gives the wages claimants a lien upon the property, broad and comprehensive in its character: Allison v. Johnson, 92 Pa. 314.

The case of Wilkinson v. Patton, 162 Pa. 12, it seems to us, does not rule this case. In that case there had been a transfer in good faith, made by an insolvent debtor in payment of his debts. No execution had been issued.

OPINION BY Mr. CHIEF JUSTICE STERRETT, October 7, 1895 :

In December, 1893, plaintiff had a judgment in the above entitled case against D. C. Mohn, on which he then issued an execution. Before any levy was made, an arrangement was effected between plaintiff and defendant, whereby it became unnecessary to proceed with the execution, and the writ was accordingly ordered staid by plaintiff's attorneys. In January following the appellees, P. J. Reilly and others, labor-claim creditors of said Mohn, interposed and, claiming the right to control plaintiff's execution, obtained a rule to show cause why the indorsement on execution staying the writ should not be stricken off and the sheriff ordered to proceed, etc., " for the purpose of paying said laborers their respective claims."

In May following, the rule to show cause was made absolute. In his opinion making the order, the learned assistant law judge of the court below says : " We are of opinion that, the moment the levy was made, the liens of the claimants for wages attached and were entitled to be paid under the writ of execution in this case."

This is a mistaken view of the law. The plaintiff, acting in good faith, had an undoubted right to settle and adjust his claim against Mohn, and order his writ staid in accordance therewith, without consulting the labor-claim creditors. It was not their affair, and in the absence of any authority, statutory or otherwise, these creditors had no right to interfere with the execution. The act of assembly, under which they claim the right to do so, provides that wage earners' claims, properly within the scope of its provisions, are simply " to be preferred and first paid out of the proceeds of sale," etc. In other words, there is no preference until the sale, either judicial, or in connection with the winding up of their debtor's business. This appears to have been clearly settled in Wilkinson v. Patton, 162 Pa. 12, in which our brother FELL, speaking for the court, said : " The method provided for the enforcement of the claim for wages is that ' it shall be preferred and first paid out of the proceeds of such sale.' This evidently refers to a sale effected by legal process where a fund is raised for distribution." It was never intended that there should be a specific lien on the property in the hands of the owner or of the vendee.

There is nothing in the case that requires extended discussion. The contention of the labor-claim creditors in this case was wholly unwarranted; and hence the learned judge erred in striking off the order staying the execution. Both assignments of error are sustained.

Decree reversed, and order staying the execution reinstated ; costs in the court below and here to be paid by the appellee, P. J. Reilly, and others.