## Mellott v. Ott.

*Wages—Preference—Distribution of proceeds of sheriff's sale—Acts of 1872 and 1891.*

Under the Act of April 9, 1872, P. L. 47, as amended May 12, 1891, P. L. 54, making wages a preferred claim against the proceeds of a sale of the employer's goods under an execution, in order to allow such claims a preference against the proceeds of property not used in connection with the business of the employer, there must be first a lien of preference by the wage claimant against the proceeds of some of the property of the employer used in connection with the business, otherwise there is no lien which can be extended from the proceeds of property used in the business to the proceeds of property not so used.

Claim for wages. Exceptions to distribution. C. P. Fulton Co., June T., 1926, No. 6.

*John P. Sipes*, for execution creditor.

*John R. Jackson*, for labor claimants and exceptions.

McPherson, P. J., June 14, 1927.—C. C. Ott, the defendant, for the year ending April 1, 1926, was a tenant farmer in Ayr Township, Fulton County. For the year 1925-26 he employed as a laborer Herbert Souders, agreeing to pay to him the sum of $35 a month during said year. Ott's lease expired on April 1, 1926, and, early in 1926, he made sale of his personal property and moved, subsequently, to McConnellsburg, bringing with him several horses, some implements, machinery and long and short feed.

In the fall of 1925 he sowed fifty acres of wheat for the fall crop, and, after the custom of the country, was obliged, at the harvest of 1926, to cut, harvest and thresh this way-going crop, as a condition of his tenancy. In September of 1925, he and his wife purchased from N. A. Mellott the equipment and business of a restaurant located in McConnellsburg, Pa., and took possession thereof about Sept. 1, 1925. They installed therein, as managers and operators of said restaurant, Maynard Paylor and Lois Paylor, his wife, the latter being their daughter. The wages they agreed to pay these employees was $5 per week each. On April 1, 1926, C. C. Ott owed to Herbert Souders a balance due on wages of $135, and owed to Maynard and Lois Paylor the sums, respectively, of $25 and $35. Souders's wages were due for labor expended on the farm in Ayr Township and the care of the stock located thereon until the vacation of the farm by C. C. Ott. The wages due Maynard Paylor and Lois Paylor were for services rendered in connection with the restaurant purchased by C. C. Ott in September, 1925. Under the execution issued on the above-entitled judgment, the personal property of C. C. Ott was levied upon, and, on April 27, 1926, was sold, and as proceeds thereof there was realized the sum of $271.90. The personal property sold was the personal property removed by Ott from the farm in Ayr Township and an undivided one-half interest in the fifty acres of wheat in the ground. No part of the property in or attached to the restaurant was sold by the sheriff.

The auditor, in making the distribution of the proceeds of the sheriff's sale, awarded to Herbert Souders, as a preferential wage claimant, the sum of $95, which was the proceeds of the undivided interest in the wheat in the ground, less one-third of the total costs of the sheriff's sale. He disallowed as a preferential claim the wage claims of Maynard and Lois Paylor, and distributed the balance of the fund realized from the sale, after deduction of costs and the proportion of the Souders wage claim allowed, to N. A. Mellott, the execution creditor.

To this report, exceptions were filed by all the wage claimants, and also by N. A. Mellott, the execution creditor. Exception on behalf of the wage claimants alleged that the auditor erred in not allowing the claim of each in full, and in failing to award to each of them the whole of his or her claim, or such *pro rata* share of the funds in the hands of the sheriff as he or she was entitled to, on the full amount of his or her claim. This was on the theory that, execution having issued, the wage claims were preferential claims against said proceeds as against the execution creditor, irrespective of the source of the proceeds of the sale.

The Act of April 9, 1872, P. L. 47, amended by the Act of May 12, 1891, P. L. 54, regulates preferential claims for wages, and its application is the solution of the questions raised by the exceptions filed in this case. Under this act, the right of preference in the distribution of the proceeds of a sale effected by legal process is given, and, in case of a levy under execution, there is no preference until the sale: Wilkinson v. Patton, 162 Pa. 12; Mettfett v. Mohn, 171 Pa. 395.

Under section 1 of the Act of May 12, 1891, P. L. 54, it is provided that this preference in distribution should apply to proceeds of the sale of real and personal property, mine, manufactory, business, or other property in and about or used in carrying on said business or in connection therewith. Under section 3 of the Act of April 9, 1872, it is provided that in all cases of execution issued against any person or persons engaged in operations as hereinbefore mentioned (referring to type of business operations, the employees of which were given a preferential claim for wages), the lien of preference upon the real or personal property, mine, manufactory, business, or other property in and about or used in carrying on said business, or in connection therewith, should extend to every property of said person, namely, the employer of the wage claimant. From this provision, it would seem that, in order to allow the wage claim to have a preferential claim against the proceeds of the sale of the personal property belonging to the employer and not used in connection with the business, there must be first a lien of preference on the part of the wage claimant against the proceeds of the sale of some of the property of the employer used in connection with the business; otherwise there would seem to be in existence no lien or preferential claim which could be extended from the proceeds of the sale of property used in the business to the proceeds of the sale of the property of the employer not used in the business. This would seem to be true, particularly if the act of assembly referred to gives no preference until there is a sale. This construction of the act seems to be consistent with the case of Decker's Assigned Estate, 20 Pa. C. C. Reps. 318; 7 Dist. R. 141. Applying these principles to the facts, it would seem that, the business of farming not having been entirely completed, Souders was entitled to a preference for wages due him for services rendered in the business of farming out of the proceeds of the sale of the share of the employer in the wheat in the ground, and that he was entitled to have this preference, under section 3 of the Act of 1872, extended to the proceeds of the sale of the personal property of his employer. sold by the sheriff. The full amount of the claim, therefore, should have been allowed.

In view of the fact that none of the property of C. C. Ott used in connection with the restaurant business conducted by him was sold by the sheriff, the wage claims of Maynard and Lois Paylor are not entitled to any preference out of the proceeds of sale of the personal property of C. C. Ott actually sold, as they had no preferential claim or lien, which, under section 6 of the Act of 1872, could have been extended to the proceeds of the sale of the per-

Mellott v. Ott.

sonal property of their employer not used in connection with the restaurant business.

In view of these conclusions, the exception by Herbert Souders must be sustained, and the exceptions filed by Maynard and Lois Paylor and N. A. Mellott must be dismissed. An exception was filed by N. A. Mellott to the wage claims of Maynard Paylor and Lois Paylor, on the ground that notices of their claims given to the sheriff prior to the sale were not sufficient in law nor in accordance with the acts of assembly covering such matters. In view of the above conclusion, this exception becomes immaterial, as the wage claims of Maynard and Lois Paylor will not participate in the distribution of the balance in the hands of the sheriff.

In accordance with the above conclusion, the schedule of distribution filed by the auditor will be amended as follows:

| | |
|---|---:|
| Proceeds of sheriff's sale | $271.90 |
| Deduct costs of execution and sale | 56.53 |
| Balance | 215.37 |
| Costs of audit | 34.00 |
| Balance for distribution | 181.37 |
| Herbert Souders | 135.00 |
| Balance to N. A. Mellott, execution creditor | 46.37 |

From John P. Sipes, McConnellsburg, Pa.