**In re CURRAN'S RESTAURANT & BAKING CO.**

No. 15716.

District Court, E. D. Pennsylvania.

Dec. 13, 1933.

Reargument April 10, 1934.

D. Benj. Kresch, of Philadelphia, Pa., for landlord.

Thomas O. Haydock, Jr., of Philadelphia, Pa., for wage claimants.

KIRKPATRICK, District Judge.

This case arises out of the distribution of the proceeds of a sale by a receiver in bankruptcy and involves the status of certain wage claims as against a landlord's claim for rent. There is no doubt that the landlord, having distrained, acquired a lien and his claim is therefore covered by section 67d of the Bankruptcy Act, 11 USCA § 107 (d). Shalet v. Klauder (C. C. A.) 34 F.(2d) 594. The question in this case is whether the wage claims are also liens within the meaning of that section. If they are, the Pennsylvania statute (Act of June 12, 1878, P. L. 207, § 1, 43 PS Pa. § 230) expressly places them ahead of the landlord regardless of the date on which they attached. If they are not, their priority depends upon section 64b of the Bankruptcy Act, as amended by Act May 27, 1926, 11 USCA § 104 (b), and, while preferred to

general creditors, they must come in after the rent claim.

The facts, briefly, are that (1) the landlord distrained; (2) the goods were levied upon under an execution by a judgment creditor; (3) the landlord notified the sheriff of his claim for rent; (4) a petition in bankruptcy was filed; (5) a receiver was appointed, and the assets were sold by the receiver under order of court.

█ The wage claimants gave no notice of their claim prior to bankruptcy. Upon this point the learned referee concluded that they had no lien, holding that "failure to give such notice prior to the bankruptcy disentitles them to the position of lien claimants and their priority is merely that which the Bankruptcy Law under Section 64 gives them and is junior to the administrative expenses," and also to the landlord.

I agree with the conclusion reached by the referee, but I do not think that it depends upon the matter of notice. While the Pennsylvania Act of May 12, 1891, P. L. 54, § 1 (43 PS Pa. § 221), upon which the rights of the claimants depend, does use the word "lien," it is apparent that what is given is not a true lien upon the property of the employer but a priority in the fund realized from a judicial sale of it. The language of the act is: "* * * Shall be a lien upon said real or personal property * * * and shall be preferred and first paid out of the proceeds of the sale of such real and personal property."

█ In Wilkinson v. Patton, 162 Pa. 12, 29 A. 293, the court said: "The method provided for the enforcement of the claim for wages is that 'it shall be preferred and first paid out of the proceeds of such sale.' This evidently refers to a sale effected by legal process, where a fund is raised for distribution." Commenting upon this, the Supreme Court in Mettfett v. Mohn, 171 Pa. 395, 33 A. 367, said: "It was never intended that there should be a specific lien on the property in the hands of the owner or of the vendee"; and in Wilkinson v. Patton, supra, the court said: "The construction placed upon the act by the learned judge [giving the wage claimants liens upon specific property] would create a class of liens of the most dangerous and obnoxious character. No one could purchase property without assuming the risk of the insolvency of the vendor."

We are bound by this construction of the statute adopted by the Supreme Court

of Pennsylvania. Section 67d of the Bankruptcy Act deals with liens upon the property of the bankrupt and not mere statutory priorities in the proceeds. The latter were taken care of by section 64b. The Supreme Court has said that wage claimants do not have liens in the true sense and therefore they cannot compete with the landlord in this case whose position is grounded upon section 67d.

The order of the referee is affirmed.

Sur Reargument.

I have carefully considered the views presented by both parties upon the reargument of this matter and see no reason to modify either the conclusion reached or the reasoning of the opinion heretofore filed, except to point out that the fact situation did not call for an expression of my views as to what the law would have been if the wage claimants had given notice before the bankruptcy. If anything in the opinion bears upon that matter, it may be taken as dictum, but I see no reason why it should be withdrawn or modified.